PEOPLE v HICKEY

Docket No. 78-4579. Submitted November 14, 1980, at Lansing.— Decided February 3, 1981.

William K. Hickey was convicted of second-degree murder following a second trial on the charge and was sentenced to prison, Monroe Circuit Court, James J. Kelley, J. He appeals, alleging that his second trial was barred by the constitutional guarantee against double jeopardy which obtained upon the trial court's failure to poll the jury regarding its deliberations and votes on included offenses following the jury's inability to reach a verdict in the first trial. *Held:*

The constitutional guarantee against double jeopardy did not bar a retrial of defendant following the trial court's declaration of a mistrial after it reasonably concluded that the jury was unable to agree on a verdict. Nor was the trial court compelled to inquire as to the status of the jury's deliberations on the included offenses prior to its declaration of a mistrial to satisfy double jeopardy protections.

Affirmed.

1. CRIMINAL LAW — JURY — POLLING — JURY VOTES — INCLUDED OFFENSES — TRIAL — COURTS.

The polling of a jury by a trial court concerning its votes on verdicts for included offenses where the jury announces that it is unable to reach a verdict in the case would constitute an unwarranted and unwise intrusion into the province of the jury.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 370.
76 Am Jur 2d, Trial § 1123.
Propriety and prejudicial effect of trial court's inquiry as to numerical division of jury. 77 ALR3d 769.
[2] 76 Am Jur 2d, Trial § 3.
[3] 21 Am Jur 2d, Criminal Law § 165 *et seq.*
76 Am Jur 2d, Trial § 1080.
Accused's consent to court's discharge of jury or to grant of state's motion for mistrial which will constitute waiver of former jeopardy. 63 ALR2d 782.

2. CRIMINAL LAW — JURY — JURY VOTES — INCLUDED OFFENSES —
    FINAL VERDICTS.

    A jury should not be precluded from reconsidering a previous
    vote on any issue, and the weight of final adjudication should
    not be given to any action by a jury that is not returned in a
    final verdict.

3. COURTS — MISTRIALS — DOUBLE JEOPARDY — JURY DELIBERATIONS
    — CONSTITUTIONAL LAW.

    The constitutional guarantee against double jeopardy does not
    bar the retrial of a case where the trial court declares a
    mistrial after it has reasonably concluded that a jury is unable
    to agree on a verdict, nor does it require a trial court to inquire
    as to the status of jury deliberations on any included offenses
    before it declares a mistrial due to such inability to reach a
    verdict (US Const, Am V, Const 1963, art 1, § 15).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Michael W. LaBeau,* Prosecuting Attorney, and *William D. Bond,* Assistant Prosecuting Attorney, for the people.

*Oliver J. Golden,* for defendant on appeal.

Before: M. J. KELLY, P.J., and ALLEN and C. L. HORN,* JJ.

C. L. HORN, J. The defendant, William Hickey, was found guilty by a jury of second-degree murder contrary to MCL 750.317; MSA 28.549 and was sentenced to from 50 to 75 years in prison. Defendant appeals as a matter of right.

Defendant's conviction followed a second trial on the charge of first-degree murder, the first trial having ended in a mistrial due to a hung jury. At the first trial, the jury was instructed that it could return one of four possible verdicts: guilty of first-degree murder, guilty of second-degree murder, guilty of voluntary manslaughter, or not guilty. When the jury indicated to the court that it could

* Circuit judge, sitting on the Court of Appeals by assignment.

not reach a unanimous verdict, defense counsel requested that the trial court inquire as to whether the jury had reached a decision concerning defendant's guilt or innocence on any of the charges submitted to it. The trial court refused to make such an inquiry.

Defendant contends that his second trial on the charge of murder was barred by art 1, § 15 of the Michigan Constitution, and by the Fifth Amendment to the United States Constitution, which provide that a person may not be placed twice in jeopardy for the same offense. Defendant argues that the trial court's failure to inquire as to the status of the jury's deliberations on the various possible verdicts submitted to it prevented the court from discovering whether the jury had decided that defendant was innocent of all charges except manslaughter. Defendant urges the adoption of the rule announced in *State v Castrillo,* 90 NM 608; 566 P2d 1146 (1977), where it was held that where a jury announced its inability to reach a verdict, and the trial court failed to determine whether the jury had unanimously voted for acquittal on any of the included offenses, jeopardy attached as to all charges except the charge of voluntary manslaughter, the least of the included offenses. The New Mexico court held that there is no plain and obvious reason to declare a mistrial as to any included offense upon which the jury has reached a unanimous agreement of acquittal. Consequently, the Court ruled that when a jury announces its inability to reach a verdict in a case involving included offenses, the trial court is required to submit verdict forms to the jury to determine if it has unanimously voted for acquittal on any of the included offenses, and the jury may then be polled with regard to any verdict thus returned.

Other jurisdictions have examined defendant's argument and rejected it. See, *Walters v State,* 255 Ark 904; 503 SW2d 895 (1974), *cert den* 419 US 833; 95 S Ct 59; 42 L Ed 2d 59 (1974), *People v Griffin,* 66 Cal 2d 459; 58 Cal Rptr 107; 426 P2d 507 (1967), *People v Doolittle,* 23 Cal App 3d 14; 99 Cal Rptr 810 (1972), *People v Hall,* 25 Ill App 3d 992; 324 NE2d 50 (1975), *State v Hutter,* 145 Neb 798; 18 NW2d 203 (1945). We conclude that polling the jury on the various possible verdicts submitted to it would constitute an unwarranted and unwise intrusion into the province of the jury. As was noted by the California Supreme Court in *Griffin, supra,* it must be recognized as a practical matter that jury votes on included offenses may be the result of a temporary compromise in an effort to reach unanimity. A jury should not be precluded from reconsidering a previous vote on any issue, and the weight of final adjudication should not be given to any jury action that is not returned in a final verdict.

Consequently, we reaffirm the principle that the double jeopardy guarantee does not bar retrial where the trial court declares a mistrial after it has reasonably concluded that the jury is unable to agree on a verdict. *People v Hall,* 396 Mich 650, 655; 242 NW2d 377 (1976). The protection against double jeopardy does not require a trial court to inquire as to the status of jury deliberations on the included offenses before it declares a mistrial due to a hung jury.

We have examined defendant's other arguments and find no error.

Affirmed.