## A Juvenile *vs.* Commonwealth.

Suffolk. February 9, 1984. — May 22, 1984.

Present: Hennessey, C.J., Wilkins, Abrams, Nolan, & Lynch, JJ.

*Practice, Criminal,* Verdict, Mistrial, Deliberation of jury, Sentence. *Jury and Jurors. Constitutional Law,* Double jeopardy.

Where the jurors at the trial of a juvenile on a murder charge on the fourth day of their deliberations informed the judge that they were deadlocked, the judge did not err in declaring a mistrial over the juvenile's objection without first inquiring whether the jury had reached verdicts on any of the charges included in the murder complaint. [55-56]

Where the jurors at the trial of a juvenile on a murder charge after four days of deliberations had informed the judge in open court that they were deadlocked and a mistrial had been declared, the fact that, after the trial, verdict slips showing entries of "not guilty" as to murder in the first degree and murder in the second degree, signed by the foreman, were found in the jury deliberation room did not entitle the juvenile to required findings of not guilty of murder in the first degree and murder in the second degree or to dismissal of the murder complaint and did not entitle the juvenile to subpoena the jury's foreman to impeach the jury's report that they had been deadlocked. [56-57]

In the circumstances, after a trial in which a juvenile was found delinquent by reason of possession of a firearm but a mistrial was declared with respect to a murder charge because the jury were deadlocked, there was no error in the denial of a petition filed by the juvenile under G. L. c. 211, § 3, seeking an order for immediate sentencing on the firearms conviction. [57]

Petitions filed in the Supreme Judicial Court for the county of Suffolk on September 6, 1983, and October 6, 1983, respectively.

The first case was reported by *Liacos,* J., and the second was heard by him.

*Carol A. Donovan* for the petitioner.

*Michael J. Traft,* Assistant District Attorney, for the Commonwealth.

HENNESSEY, C.J. After trial in the Boston Juvenile Court, Appellate Division, the jury found that the juvenile was delinquent on a charge of unlawful possession of a firearm but did not agree on a verdict on a charge of delinquency by reason of murder. The judge declared a mistrial and scheduled the matter for retrial. By petitions under G. L. c. 211, § 3, originally presented to a single justice of this court, the juvenile here raises various issues which in major aspect assert a claim of double jeopardy. There was no error; retrial of the juvenile on the murder charge is appropriate.

At the conclusion of the trial below, the judge had delivered his charge to the jury, which included instructions on the lesser offenses included in the complaint charging murder, as well as instructions on the complaint charging unlawful possession of a firearm. At that time, the jury received four verdict slips: murder in the first degree — guilty or not guilty; murder in the second degree — guilty or not guilty; manslaughter — guilty or not guilty; and unlawful possession of a firearm — guilty or not guilty.

On the third day of deliberations, the judge asked the jury whether they could reach a verdict on the murder charge. After the jury answered affirmatively, the judge discharged the jurors until the next morning. On the fourth day of deliberations, the foreman sent the judge a note indicating that the jurors were deadlocked on the complaint which charged murder. The judge asked the jurors in open court whether they were "unable to reach a verdict on the complaint that charged murder." The jury replied that they could not reach a verdict. The judge then asked the jury whether they had reached a verdict on the firearms charge, and the jury responded affirmatively.

At this point the judge called a side bar conference at which he indicated his intention to declare a mistrial on the murder charge. The juvenile's attorney requested that, before declaring a mistrial, the judge inquire whether the jury had reached verdicts on any of the charges included within the murder complaint. This the judge declined to do. The judge then, over the defendant's objection, declared a mistrial on the murder complaint for the reason that the jury had affirmed that they

were deadlocked on that complaint. The jury thereafter affirmed a verdict of guilty on the firearms complaint. The judge postponed sentencing on the firearms complaint, and scheduled a retrial on the murder complaint.

Some weeks or months after the trial had concluded and the jury had been discharged, four verdict slips were brought to the attention of the judge for the first time. A court officer had picked up the verdict slips from the jury deliberation room after the trial was over and then had handed the slips to the clerk. The slips were kept in the Boston Juvenile Court, Appellate Division, clerk's folder on the murder complaint, but they were not brought to the attention of the judge until after the trial. Two of these slips showed, respectively, "not guilty" entries as to murder in the first degree and murder in the second degree; both slips were signed by the foreman of the jury.

The juvenile filed a petition under G. L. c. 211, § 3, requesting that the Supreme Judicial Court exercise its extraordinary power to order findings of not guilty of murder in the first degree and murder in the second degree and to dismiss so much of the murder complaint as charges manslaughter. A single justice stayed the trial below in order to allow the juvenile time to file appropriate motions in the Boston Juvenile Court. Subsequently, the juvenile filed in that court a motion to dismiss the murder complaint or to enter not guilty verdicts, a motion for permission to subpoena the jury foreman, and a motion to dismiss the complaint as to unlawful possession of a firearm based on delay in sentencing. The last motion was accompanied by two letters from personnel of the Department of Youth Services who recommended some sort of long-term therapy for the juvenile. All of these motions were denied by the trial judge. The juvenile then filed a petition in the county court seeking an order that the juvenile be sentenced on the firearms conviction "forthwith."

After hearing, a single justice of this court denied the petition seeking an order to the Boston Juvenile Court that the juvenile be sentenced forthwith on the firearms conviction, and the juvenile appealed. The single justice reported, without decision, all other issues to the full court.

The trial judge has discretion, in some circumstances, to declare a mistrial without the defendant's consent, or even over the defendant's objection, when the judge deems that the ends of justice cannot be attained without discontinuing the trial. *Illinois* v. *Somerville*, 410 U.S. 458, 462 (1973), and cases cited. The test is whether there was a "manifest necessity" for the mistrial. *United States* v. *Perez*, 22 U.S. (9 Wheat.) 579, 580 (1824). In such a case the State may retry the defendant without infringing on his constitutional rights. *Wade* v. *Hunter*, 336 U.S. 684, 688-689 (1949). The trial judge's discretionary ruling ordering a mistrial is treated with deference by the reviewing court, because otherwise there would be danger that the judge would employ coercive means to break the apparent deadlock and thus avoid possible error in a declaration of a mistrial. See *Arizona* v. *Washington*, 434 U.S. 497, 509-510 (1978).

In the present case, the judge was warranted in concluding that there was a manifest necessity for a mistrial, on the ground that the jury, after deliberating for four consecutive days, reported that they were deadlocked on the murder complaint.

The judge was under no duty to inquire as to the status of the jury's deliberations on each of the lesser included charges within the murder complaint. Rule 27 (a) of the Massachusetts Rules of Criminal Procedure, 378 Mass. 897 (1979), provides: "RETURN. The verdict shall be unanimous. It shall be a general verdict returned by the jury to the judge in open court. The jury shall file a verdict slip with the clerk upon the return of the verdict." We think a "general verdict" within the meaning of the rule is a verdict dispositive of the entire charge, and not a partial verdict such as the juvenile here urges.[1] *Commonwealth* v. *Burke*, 342 Mass. 144 (1961), relied on by the juvenile, is not to the contrary. In that case the jury had found the defendant guilty of a lesser included crime while finding him not guilty of the greater charge. In affirming the judgment,

---

[1] We deal here with a complaint charging a single murder. Where a complaint or indictment, in multiple counts, charges multiple crimes (e.g., two separate murders; two separate armed robberies) a general verdict could be returned as to one of the counts, despite deadlock on the other counts.

we relied in part on G. L. c. 278, § 12, which permits just such a verdict. The verdict also was a general verdict within the meaning of Mass. R. Crim. P. 27 (a). We agree with the Commonwealth's argument that no Massachusetts case holds that a verdict as to part of the charge, where the jury are unable to agree on the remainder of the complaint, can constitute a general verdict.

A majority of States which have considered the issues raised here have rejected the partial verdict.[2] In *People* v. *Hickey*, 103 Mich. App. 350, 353 (1981), the court said that "polling the jury on the various possible verdicts submitted to it would constitute an unwarranted and unwise intrusion into the province of the jury. As was noted by the California Supreme Court in [*People* v. *Griffin*, 66 Cal. 2d 459 (1967)], it must be recognized as a practical matter that jury votes on included offenses may be the result of a temporary compromise in an effort to reach unanimity. A jury should not be precluded from reconsidering a previous vote on any issue, and the weight of final adjudication should not be given to any jury action that is not returned in a final verdict."

Nor can it be said that the jury reached any verdicts here, partial or otherwise. The fact that "not guilty" verdict slips, signed by the foreman of the jury, were found in the jury room, does not affect our reasoning here. In addition to providing that the verdict shall be "general," rule 27 (a) requires that the verdict be returned by the jury to the judge in open court. "The only verdict which can be received and regarded, as a complete and valid verdict of a jury, upon which a judgment can be rendered, is an open and public verdict, given in and assented to, in open court, as the unanimous act of the jury, and affirmed and entered of record, in the presence and under the sanction

[2] See, e.g., *Walters* v. *State*, 255 Ark. 904, cert. denied, 419 U.S. 833 (1974); *People* v. *Griffin*, 66 Cal. 2d 459 (1967); *People* v. *Doolittle*, 23 Cal. App. 3d 14 (1972); *People* v. *Hall*, 25 Ill. App. 3d 992 (1975); *People* v. *Hickey*, 103 Mich. App. 350 (1981); *State* v. *Hutter*, 145 Neb. 798 (1945); *State* v. *Booker*, 306 N.C. 302 (1982). Contra *Stone* v. *Superior Court*, 31 Cal. 3d 503 (1983); *State* v. *Castrillo*, 90 N.M. 608 (1977).

of the court." *Lawrence* v. *Stearns*, 11 Pick. 501, 502 (1831). It is not enough to show that the jury may have agreed on some issues at some time; if that limited showing were to control, uncertainties would be invited. "[O]ur cases distinguish between agreement on a verdict, and return, receipt, and recording of a verdict." *Commonwealth* v. *Kalinowski*, 12 Mass. App. Ct. 827, 830 (1981). Public affirmation in open court provides safeguards against mistakes. *Rich* v. *Finley*, 325 Mass. 99, 105-106 (1949). *Commonwealth* v. *Tobin*, 125 Mass. 203, 207 (1878). There was no error in the judge's refusal to accept the verdict slips in contradiction of the jury's report to the judge in open court that they were deadlocked.

Nor was there error in the judge's denial of the juvenile's motion to subpoena the foreman. That process could only be aimed at an impeachment, months after the fact, of the jury's report to the judge in open court, and we conclude that such an impeachment, in the circumstances shown here, would be impermissible. See *Commonwealth* v. *Fidler*, 377 Mass. 192, 193-198 (1979); *Rich* v. *Finley, supra; Woodward* v. *Leavitt*, 107 Mass. 453, 466 (1871).

Finally, there was no error in the denial by the single justice of the juvenile's petition for immediate sentencing on the conviction of unlawful possession of a firearm. Whether there is a right to speedy sentencing is far from clear, see *Commonwealth* v. *McInerney*, 380 Mass. 59, 63-66 (1980), but if we assume such a right, we think it is dispositive here that no harm has been shown. There are vague assertions that beneficial treatment would be available to the juvenile, if sentenced, but it is not shown that such treatment is not presently available, nor is it shown that, even under such a sentence, the juvenile would not still be held in custody as is the case at present. In light of our conclusion that the complaint charging delinquency by reason of murder is still viable, the assertion as to the failure to sentence on the firearm charge is insignificant.

In so far as the single justice denied relief, the judgment is affirmed. There was no error in the trial judge's rulings on the juvenile's various motions. Further proceedings in the Boston Juvenile Court, Appellate Division, are to be consistent with this opinion.

*So ordered.*