**Jane DOE, Petitioner, Appellant,**

v.

**Claire DONOVAN, et al.,
Respondents, Appellees.**

**No. 84–1701.**

United States Court of Appeals,
First Circuit.

Argued Oct. 3, 1984.

Decided Oct. 30, 1984.

Rehearing Denied Nov. 16, 1984.

Carol Donovan, Boston, Mass., with whom Norman S. Zalkind and Zalkind & Sheketoff, Boston, Mass., were on brief, for petitioner, appellant.

Linda G. Katz, Asst. Atty. Gen., Boston, Mass., with whom Francis X. Bellotti, Atty. Gen., Frederick W. Riley and Barbara A.H. Smith, Asst. Attys. Gen., Boston, Mass., were on brief, for respondents, appellees.

Before CAMPBELL, Chief Judge, COFFIN and BOWNES, Circuit Judges.

PER CURIAM.

Appellant-juvenile Jane Doe seeks to enjoin the Massachusetts juvenile court proceedings against her pending decision by the district court on her writ of habeas corpus. Appellant claims that retrial on the murder complaint in juvenile court subjects her to double jeopardy. The district court denied appellant's motions to stay her retrial and to stay that order pending appeal. Appellant filed a motion in this court to stay the district court's order and to enjoin proceedings in the Boston Juvenile Court. After a hearing before one judge this court temporarily stayed the state court proceedings until further order. After an expedited hearing before a full panel, we vacate the stay.

Appellant was tried in the Boston Juvenile Court as a delinquent on complaints alleging murder and illegal possession of a firearm on June 24 and June 27, 1983. The jury was instructed on murder in the first degree, murder in the second degree, manslaughter and illegal possession of a firearm, and was handed four corresponding verdict slips. Toward the end of the third day of deliberations, the jury responded affirmatively when asked if they could reach a verdict on the murder complaint. They were then excused for the day. At approximately noon on the fourth day of deliberations the jury indicated that it was deadlocked on the complaint which charged murder and the jurors stated so in open court. The jury did reach a verdict on the firearm charge.

The court indicated to counsel at sidebar that it intended to declare a mistrial on the murder charge and accept the verdict on the firearm complaint. Defense counsel requested that the court inquire of the jury whether it had been able to reach verdicts on each of the lesser offenses included in the murder charge. The judge denied defense counsel's request and declared a mistrial on the murder complaint.

Appellant argues that her constitutional right against double jeopardy was violated when the trial court prematurely declared a mistrial. The court acted without first inquiring of the jury whether it had been able to reach a verdict on any of the included offenses. Appellant claims that this inquiry was necessary to establish manifest necessity to declare a mistrial over counsel's objections, and that failure to inquire was a constitutional violation. Appellant argues that retrial is barred on the entire murder complaint, and in the alternative, that she may be retried only on the manslaughter charge. Appellant buttresses her conclusion with the fact that during deliberations the foreman of the jury ap-

parently signed verdict slips on the counts of murder in the first and second degree reporting the appellant not guilty on those charges.

The Commonwealth contends that the double jeopardy clause did not require the trial court either to inquire whether the jurors had reached a partial verdict on the murder complaint, or to accept a partial verdict. It also asserts that appellant is not entitled to entry of verdicts of acquittal on any part of the murder complaint because the jury did not announce such a verdict in open court.

## Discussion

■ We are proscribed by *Younger v. Harris* from interfering with pending state criminal prosecutions in the absence of exceptional circumstances demonstrating great and immediate irreparable injury. 401 U.S. 37, 46, 91 S.Ct. 746, 751, 27 L.Ed.2d 669. While it is acknowledged that a colorable double jeopardy claim may constitute the threat of injury necessary to fall within the exception to the *Younger* abstention principle, *see Willhauk v. Flanagan*, 448 U.S. 1323, 1325, 101 S.Ct. 10, 11, 65 L.Ed.2d 1147 (1980) (Brennan, J. sitting as Circuit Justice on Application for Stay), we find that appellant has failed to show irreparable harm sufficient to warrant our intervention in this case.

■ In the usual case, the double jeopardy clause guarantees not only against double punishments, but also against twice being subjected to the ordeal of a trial. *Abney v. United States*, 431 U.S. 651, 661, 97 S.Ct. 2034, 2041, 52 L.Ed.2d 651 (1977). Consequently, the mere possibility of retrial prior to a determination of the federal constitutional claim would constitute irrep-

arable harm justifying federal court intervention in state criminal proceedings. However, we do not have that usual case before us because in any event appellant will have to stand trial.

We reach this conclusion because in all likelihood appellant will be retried on at least the count of manslaughter. When asked by the court, the jury stated that they were deadlocked on the murder complaint. Therefore even without additional questioning as to partial verdicts, it is logical to conclude that at a minimum the jury was deadlocked on the least included offense of manslaughter.[1] *Stone v. Superior Court of San Diego County*, 31 Cal.2d 503, 646 P.2d 809 (1983).

Appellant argues that even if the jury was deadlocked on the manslaughter count, the court prematurely declared a mistrial because a mistrial may be declared over objection only after "a scrupulous exercise of judicial discretion leads [the court] to the conclusion that the ends of public justice would not be served by a continuation of the proceedings." *United States v. Jorn*, 400 U.S. 470, 485, 91 S.Ct. 547, 557, 27 L.Ed.2d 543 (1971). *See also Brady v. Samaha*, 667 F.2d 224, 228–29 (1st Cir. 1981); *United States v. Hotz*, 620 F.2d 5 (1st Cir.1980). Appellant asserts that manifest necessity to declare a mistrial was lacking here because the court failed to inquire of the jury whether it was able to reach a partial verdict or whether it needed assistance. In addition, appellant faults the court for its failure to give the *Tuey-Rodriguez* charge, *Commonwealth v. Rodriguez*, 364 Mass. 87, 100–01, 300 N.E.2d 192 (1973), urging the jurors to make further efforts to reach an agreement. Appel-

1. Although we have no need to reach the merits of appellant's broader claim that the double jeopardy clause prohibits declaration of a mistrial without first inquiring of the jury whether it has reached verdicts on each included offense, we acknowledge that it raises serious legal questions. The issue has been discussed by the appellate courts of nine states, including as a result of this action, the Commonwealth of Massachusetts. In support of appellant's position, *see Stone v. Superior Court of San Diego County*, 31 Cal.2d 503, 646 P.2d 809 (1983);

*State v. Pugliese*, 120 N.H. 728, 422 A.2d 1319 (1980); *State v. Castrillo*, 90 N.M. 608, 566 P.2d 1142 (1977). *But see State v. Booker*, 306 N.C. 302, 293 S.E.2d 78 (1982); *People v. Hickey*, 103 Mich.App. 350, 303 N.W.2d 19 (1981); *People v. Hall*, 25 Ill.App.3d 992, 324 N.E.2d 50 (1975); *Walters v. State*, 255 Ark. 904, 503 S.W.2d 895 (1974); *State v. Hutter*, 145 Neb. 798, 18 N.W.2d 203 (1945). The Massachusetts Supreme Judicial Court found against appellant on this issue. *A Juvenile v. Commonwealth*, 392 Mass. 52, 465 N.E.2d 240 (1984).

lant notes that the jurors had deliberated at most two and one half hours since the foreman's declaration the previous day that the jury could reach an agreement.

To the extent that discretion to declare a mistrial is vouchsafed to the trial court, the court's decision is to be accorded substantial deference. *Arizona v. Washington*, 434 U.S. 497, 509, 98 S.Ct. 824, 832, 54 L.Ed.2d 717 (1978). The court found that the jury was deadlocked after four straight days of careful deliberation. Despite the foreman's statement on the third day that a verdict could be reached, the fact that the jurors were deadlocked on the fourth day is not implausible. To upset the tentative verdict only one juror need have changed his or her mind during the night. Moreover, in spite of the fact that appellant's counsel did not request the *Tuey-Rodriguez* charge, the court considered giving the charge but chose not to after "examining the 'total picture' surrounding the state of jury deliberations."

While not assessing the merits of appellant's attack based on the declaration of a mistrial absent manifest necessity, we do feel it proper, in pursuing our analysis of the harm appellant is likely to suffer, to make assumptions as to the scenario if a further stay is not ordered. For this purpose only, therefore, in light of our expressed reasons, we assume that the more probable scenario is that manifest necessity justified a declaration of mistrial as to manslaughter and that retrial on this charge can take place.

Given the opportunity, it appears from its brief and argument that the Commonwealth will retry the appellant on the entire murder complaint and not just on the manslaughter count. We realize that trial for first degree murder is not comparable to a trial for manslaughter. Because of the unique jurisdictional posture of this case, however, we believe that appellant will suffer no significantly greater harm from a retrial on the murder count even if manslaughter is subsequently found to be the only permissible charge. Most important in reaching this conclusion is the fact that appellant will turn eighteen on May 5, 1985 and at that time the Commonwealth will lose jurisdiction to retain custody over her. Mass.Gen.Laws Ann. ch. 119, § 72. Only in very limited circumstances (when discharge would be "physically dangerous to the public because of the person's mental or physical deficiency, disorder or abnormality") can the Department of Youth Services hold someone committed as a delinquent child past the age of eighteen. Mass.Gen.Laws Ann. ch. 120, §§ 16, 17. There is nothing in the record presented by either party to suggest that appellant fits within this exception and the Commonwealth has not indicated an intention to assert custody over the appellant after she reaches the age of eighteen.

As a result, the Commonwealth will be unable to sentence the appellant, whether convicted of murder in the first degree or manslaughter, for a period extending beyond May 5. Whatever harm appellant may face as a result of a wrongful conviction for a more heinous crime, her physical custody by the state will not be affected. Nor will her right to judicial review be impaired. Appellant's posture before the court will be identical to any individual challenging the constitutionality of her state court conviction.

Appellant has therefore failed to demonstrate irreparable harm which warrants our intervention in the state court proceedings. Accordingly the temporary stay granted by this court is vacated and the district court's denial of petitioner's motion for stay of the state court delinquency proceedings is

*Affirmed.*