**Diane Helen MANNES, Petitioner–Appellee,**

v.

**John V. GILLESPIE, Sheriff, Respondent–Appellant.**

No. 91–55336.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 3, 1991.

Decided June 22, 1992.

Michael D. Schwartz, Deputy Dist. Atty., Ventura, Cal., for respondent-appellant.

Neil B. Quinn, Deputy Public Defender, Ventura, Cal., for petitioner-appellee.

Before: BROWNING, BOOCHEVER and REINHARDT, Circuit Judges.

JAMES R. BROWNING, Circuit Judge:

The district court issued a writ of habeas corpus "forever prohibiting" the retrial of petitioner Diane Helen Mannes on three murder charges. The state argues the district court should have abstained, and, alternatively, that the court erred in ruling

retrial of Mannes for the three murders was barred by the Double Jeopardy Clause. We affirm.

## I

While driving under the influence of alcohol, Mannes struck five pedestrians, killing three and injuring two others. She was charged with three counts of murder (Cal. Pen.Code § 187(a)), one count of driving under the influence and causing injury (Cal.Veh.Code § 23153(a)), and one count of driving with a blood alcohol level of .10 percent or more and causing injury (Cal. Veh.Code § 23153(b)).

The charges were tried in Superior Court. The jury found Mannes guilty of both charges of driving under the influence and deadlocked on the three murder charges. The trial judge accepted the guilty verdicts, declared a mistrial on the murder charges, and discharged the jury.[1] Mannes was sentenced to four years in prison on the driving under the influence counts.

Two weeks after discharging the jury, the judge, acting on his own motion, dismissed the murder charges pursuant to Cal.Pen.Code § 1385, granting trial judges broad authority to dismiss cases "in furtherance of justice." [2]

The district attorney re-filed the murder charges in Municipal Court. Mannes objected on the ground retrial for murder would violate the Double Jeopardy Clause. The Municipal Court judge bound Mannes over for trial. Mannes' petition to the Superior Court for a writ of prohibition, her petition to the Court of Appeal for a writ of mandate, and her petition for review to the California Supreme Court were all denied without comment.

Mannes then sought a writ of habeas corpus from the court below. The district court granted the writ, enjoining California from prosecuting Mannes for the murders. The state appealed.

## II

■■ Since Mannes exhausted state remedies on her double jeopardy claim, the district court had jurisdiction to hear her petition under 28 U.S.C. § 2254. *See Justices of Boston Mun. Court v. Lydon*, 466 U.S. 294, 300–03, 104 S.Ct. 1805, 1809–11, 80 L.Ed.2d 311 (1984). A claim that a state prosecution will violate the Double Jeopardy Clause presents an exception to the general rule of *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), requiring federal courts to abstain from interfering with pending state criminal proceedings. The Fifth Amendment's protection against double jeopardy—"nor shall any person be subject for the same offense to be twice put in jeopardy of life and limb"—"is not against being twice punished, but against being twice put in jeopardy," *United States v. Ball*, 163 U.S. 662, 669, 16 S.Ct. 1192, 1194, 41 L.Ed. 300 (1896); *Abney v. United States*, 431 U.S. 651, 661, 97 S.Ct. 2034, 2041, 52 L.Ed.2d 651 (1977). Because full vindication of the right necessarily requires intervention before trial, federal courts will entertain pretrial habeas petitions that raise a colorable claim of double jeopardy. *Hartley v. Neely*, 701 F.2d 780, 781 (9th Cir.1983) ("[P]retrial habeas corpus review is appropriate in those cases where, as here, all other state remedies were exhausted."); *Greyson v. Kellam*, 937 F.2d 1409, 1412–13 (9th Cir. 1991).

---

**1.** Pursuant to California law, the jurors were instructed on vehicular manslaughter, a lesser-included offense on the murder charges, but were told not to return a verdict on manslaughter unless they first unanimously agreed to acquit on the murder charges. *See People v. Hunter*, 49 Cal.3d 957, 264 Cal.Rptr. 367, 376–77, 782 P.2d 608, 617–18 (Cal.1989) (approving such jury instructions). Since the jury deadlocked on the three murder charges and was then dismissed, no verdict was returned for manslaughter.

**2.** Section 1385 provides:

(a) The judge or magistrate may, either of his or her own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed. The reasons for the dismissal must be set forth in an order entered upon the minutes.....

Cal.Pen.Code § 1385(a).

The state contends, however, that the district court should have abstained because, as in *Doe v. Donovan*, 747 F.2d 42 (1st Cir.1984), even if Mannes' petition were granted she could be retried for manslaughter, though not for murder,[3] and would remain in custody serving her sentence on the convictions for driving under the influence.

In *Doe*, the petitioner sought a writ of habeas corpus to prevent a Massachusetts juvenile court from trying her for murder, claiming trial on that charge would violate the Double Jeopardy Clause. *Id.* at 43. The court acknowledged the general rule that "a colorable double jeopardy claim may constitute the threat of injury necessary to fall within the exception to the *Younger* abstention principle," *id.* at 44, but held the exception inapplicable. The court explained that the petitioner would in any event be "subjected to the ordeal of a trial" for manslaughter, and "[b]ecause of the unique jurisdictional posture of this case," she would not suffer significantly greater injury if required to stand trial for murder rather than manslaughter, even if trial for the murder charges were subsequently found to have been barred by the Double Jeopardy Clause. *Id.* at 44–45. Trial for murder involved no greater risk to petitioner than trial for manslaughter. Petitioner was to be tried in juvenile court, would reach age 18 in less than a year; she could not be held in custody beyond that date whether she was convicted of murder or manslaughter. *Id.* at 45. This was the "[m]ost important" reason the court regarded abstention as appropriate. *Id.*

No similar circumstance is present here. Moreover, an accused has a strong interest, which the court in *Doe* did not consider, in not being faced with murder charges even if a manslaughter trial is possible. The inclusion of a greater charge barred by double jeopardy can prejudice the ability of the accused to defend against a lesser charge. The prejudice may be so great as to require that a conviction on the lesser charge be overturned. *Price v. Georgia,*

398 U.S. 323, 331–32, 90 S.Ct. 1757, 1762, 26 L.Ed.2d 300 (1970); *Morris v. Mathews,* 475 U.S. 237, 245–46, 106 S.Ct. 1032, 1037, 89 L.Ed.2d 187 (1986). Because the accused already has been subjected to the ordeal of trial, overturning such a conviction is not a complete remedy for the double jeopardy violation. Further, the Supreme Court has recognized that, contrary to the apparent assumption of the court in *Doe,*

[t]here is a significant difference to an accused whether he is being tried for murder or manslaughter. He has reason for concern as to the consequences in terms of stigma as well as penalty. He must be prepared to meet not only the evidence of the prosecution and the verdict of the jury but the verdict of the community as well.

*Price v. Georgia,* 398 U.S. at 331 n. 10, 90 S.Ct. at 1762 n. 10.

*Doe* involved unique facts and its reasoning has not been followed by any subsequent case. Because Mannes faced the possibility of irreparable injury if forced to stand trial on murder charges that might be barred by the Double Jeopardy Clause, the district court properly heard her petition.

### III

We decide de novo whether retrial of Mannes for the murders is barred by the Double Jeopardy Clause. *Gray v. Lewis,* 881 F.2d 821, 822 (9th Cir.1989).

Jeopardy attached when the jury was sworn. *United States v. Martin Linen Supply Co.,* 430 U.S. 564, 569, 97 S.Ct. 1349, 1353, 51 L.Ed.2d 642 (1977). Jeopardy did not terminate when the trial judge declared a mistrial after the jury deadlock. Accordingly, California was free to retry Mannes. *Richardson v. United States,* 468 U.S. 317, 326, 104 S.Ct. 3081, 3086, 82 L.Ed.2d 242 (1984). Mannes argues, however, that the trial judge's *sua sponte* dismissal of the murder charges pursuant to

---

**3.** Mannes has not disputed the state's contention she can be retried for manslaughter even if the section 1385 dismissal bars retrial on the mur-

der charges. We express no opinion on this issue.

Cal.Pen.Code § 1385 two weeks after the mistrial was equivalent to an acquittal, terminating jeopardy and preventing retrial.[4]

Section 1385 provides that a trial judge may, either on the judge's own motion or that of the prosecutor, order an action dismissed "in furtherance of justice." An action may be dismissed under section 1385 before, during, or after trial. *People v. Orin,* 13 Cal.3d 937, 120 Cal. Rptr. 65, 71, 533 P.2d 193, 199 (1975). A trial judge has broad but not unlimited discretion to dismiss under section 1385, *id.;* the court must consider "the constitutional rights of the defendant, and the interests of society represented by the People, in determining whether there should be a dismissal. At the very least, the reason for dismissal must be that which would motivate a reasonable judge." *Id.* (citations and emphasis omitted).

The impact of a section 1385 dismissal upon the application of the Double Jeopardy Clause depends on the reason for the dismissal. The relevant principles are discussed in *Hudson v. Louisiana,* 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981). After conviction by a jury, Hudson moved for a new trial, which the trial judge granted. *Id.* at 41, 101 S.Ct. at 971. Louisiana law allowed the trial judge to order a new trial if "[t]he verdict is contrary to the law and the evidence," *Id.* at 41 n. 1, 101 S.Ct. at 971 n. 1. The Supreme Court concluded that the trial judge "granted the new trial because the State had failed to prove its case as a matter of law, not merely because he, as a '13th juror' would have decided it differently." *Id.* at 44, 101 S.Ct. at 973. What mattered for the purposes of the Double Jeopardy Clause was the ground for the trial judge's order; because the judge determined that the state had failed to prove its case, retrial was barred.

An analogous situation is presented when an appellate court reverses a conviction. If the conviction is reversed for trial error there is no bar to retrial, but if reversal is based on insufficiency of the evidence presented at trial, retrial is precluded by the Double Jeopardy Clause. *Burks v. United States,* 437 U.S. 1, 15–18, 98 S.Ct. 2141, 2149–51, 57 L.Ed.2d 1 (1978); *Greene v. Massey,* 437 U.S. 19, 24–26, 98 S.Ct. 2151, 2154–55, 57 L.Ed.2d 15 (1978). Again, what matters is the reason for the decision.

Because a section 1385 dismissal may, but need not be based on insufficiency of the evidence, the reason for the dismissal governs its effect for double jeopardy purposes. In ordering the dismissal under section 1385 in this case, the Superior Court judge stated he did so "for the following reasons":

1. There is insufficient evidence in this case that the defendant acted with "implied malice" as required for a verdict of guilty of murder.

2. There was insufficient evidence that the defendant was aware at the time of her drunk driving in this case, that she was committing an act that carried a high probability of death to herself or anyone;

3. There was insufficient evidence that being so aware, she consciously decided to do the act anyway, and

4. There is no likelihood that a retrial on these charges will result in a unanimous verdict of guilty of murder.

The state argues that the judge's statement of the reasons for dismissal was "gratuitous," and, like dicta, should not be legally binding. The state adopts this argument from the oral ruling of the Municipal Court interpreting the Superior Court's statement of reasons:

---

4. The state argues that "[b]ecause the jury hung, jeopardy did not attach and the parties were placed in the status quo as if no trial had occurred" and therefore that "the dismissal here must be considered a pretrial pre-jeopardy ruling which does not constitute an acquittal." Appellant's Opening Brief at 20. We disagree. While a jury deadlock does not terminate jeop-

ardy, neither does it mean jeopardy has never attached. If Mannes is correct that the section 1385 dismissal was an acquittal, retrial would place her in jeopardy a second time. *See Martin Linen,* 430 U.S. at 575–76, 97 S.Ct. at 1356–57 (a judgment of acquittal, entered after hung jury, "concludes a pending prosecution in which jeopardy has attached" and precludes retrial).

And the comments that [the Superior Court judge] made on pages 4 and 5 of his order I think were gratuitous, to the extent that he was suggesting that, in his view, it's unlikely that a jury would return a unanimous verdict on the murder. I don't think he was making a finding as a matter of law that there was insufficient evidence. So the motion to dismiss is denied.

■■■ Under California law, "[t]he reasons for the dismissal *must* be set forth in an order entered upon the minutes." Cal. Pen.Code § 1385(a) (emphasis added). This requirement "is mandatory and not merely directory" and the failure to set forth reasons "is fatal and is alone sufficient to invalidate the dismissal...." *People v. Orin*, 533 P.2d at 198–99; *see also People v. Howard*, 69 Cal.2d 491, 72 Cal.Rptr. 330, 338 n. 7, 446 P.2d 138, 146 n. 7 (1968) ("If the reasons are not set forth in the minutes, the order dismissing may not be considered a dismissal under Section 1385."). Thus, the Superior Court's statement of reasons was not "gratuitous;" it is the strongest evidence of the grounds for the dismissal.

■■■ Mannes argues the dismissal was based on a determination the evidence presented at trial was legally insufficient to support a verdict of guilty of murder. The state argues dismissal was based on the "weight," rather than the "sufficiency" of the evidence or was based on the views of the trial judge acting as a "13th juror." Reversal of a conviction as against the weight, rather than the sufficiency, of the evidence does not prevent retrial, *Tibbs v. Florida*, 457 U.S. 31, 42–45, 102 S.Ct. 2211, 2218–20, 72 L.Ed.2d 652 (1982); *Hudson*, 450 U.S. at 43–35, 101 S.Ct. at 972–73 & n. 5, and the state argues the same distinction should apply to the dismissal of charges after a mistrial.

The language of the dismissal order supports Mannes' interpretation. The order does not refer at all to the "weight" of the

evidence but refers several times to "insufficient evidence." As the Supreme Court has noted, "trial and appellate judges commonly distinguish between the weight and the sufficiency of the evidence." *Tibbs*, 457 U.S. at 44, 102 S.Ct. at 2219. Further, there was no occasion to set aside a verdict as "against the weight" of the evidence, since no verdict was reached. "A reversal based on the weight of the evidence ... can occur only after the State both has presented sufficient evidence to support conviction *and has persuaded the jury to convict."* *Id.* at 42–43, 102 S.Ct. at 2218 (emphasis added).

The order does not say the trial judge resolved any questions of credibility, a feature common to decisions based on weight rather than sufficiency. *See id.* at 37–38 & n. 11, 102 S.Ct. at 2215–16 & n. 11. Nor does the order support the state's suggestion the trial judge was acting as a "13th juror"—the order does not refer to the opinion of the judge as to guilt, but instead states "[t]here is insufficient evidence in this case that the defendant acted with 'implied malice' *as required for a verdict* of guilty of murder," and concludes "[t]here is no likelihood that a retrial on these counts will result in a *unanimous verdict* of guilty of murder." (emphasis added).

In this context, the phrase "insufficient evidence" is a term of art. In the absence of a clear indication to the contrary, we must assume the trial judge intended the phrase to carry its accepted meaning that the evidence presented at the trial was not legally sufficient to support a conviction for the crime charged, rather than that the judge "entertained personal doubts about the verdict." *Hudson*, 450 U.S. at 44, 101 S.Ct. at 973. *See Delap v. Dugger*, 890 F.2d 285, 310 (11th Cir.1989) (" '[I]nsufficient' evidence is a legal term of art, indicating that there was no evidence which would enable a reasonable jury to find the defendant guilty.").[5]

---

**5.** The state notes that the trial judge denied Mannes' motions for acquittal after the prosecution rested its case and at the close of the evidence. We agree with the state that, if the

evidence presented at trial was insufficient, the trial court should have granted the motions for acquittal pursuant to Cal.Pen.Code § 1118.1. Nevertheless, the state points to no bar to recon-

California law allows a felony charge dismissed once pursuant to section 1385 to be re-filed, apparently even if dismissal was based on insufficiency of the evidence. *See People v. James,* 102 Cal. App.3d 108, 162 Cal.Rptr. 263 (1980). The trial judge in this case believed retrial would be possible. Nevertheless, whether the Double Jeopardy Clause bars a prosecution is not determined by the characterization of a dismissal under state law, nor by the trial judge's personal understanding in this regard. *Smalis v. Pennsylvania,* 476 U.S. 140, 144 n. 5, 106 S.Ct. 1745, 1748 n. 5, 90 L.Ed.2d 116 (1986); *United States v. Scott,* 437 U.S. 82, 96, 98 S.Ct. 2187, 2196, 57 L.Ed.2d 65 (1978). What matters is whether the ruling in Mannes' favor was actually an "acquittal" even if state law or the trial court may have labeled it otherwise. *See Martin Linen,* 430 U.S. at 571 n. 9, 97 S.Ct. at 1354 n. 9; *see also Hudson,* 450 U.S. at 41–45, 101 S.Ct. at 971–73 (finding of insufficient evidence, though made in the course of granting a motion for new trial, is an acquittal for double jeopardy purposes).

The trial judge's ruling that the evidence presented at trial was insufficient to convict petitioner of murder was an acquittal for the purposes of the Double Jeopardy Clause. *Richardson,* 468 U.S. at 325 n. 5, 104 S.Ct. at 3086 n. 5 ("[A] trial court's finding of insufficient evidence ... is the equivalent of an acquittal."); *Hudson,* 450 U.S. at 44–45 & n. 5, 101 S.Ct. at

972–73 & n. 5. A judgment of acquittal entered after a deadlocked jury is dismissed terminates jeopardy and prevents retrial. *Martin Linen,* 430 U.S. at 572, 575–76, 97 S.Ct. at 1355, 1356–57. The district court correctly ruled that retrial of Mannes for murder is barred by the Double Jeopardy Clause.[6]

AFFIRMED.

---

sideration by the trial court of the sufficiency of the evidence. The state's argument that a California trial judge has no authority to "acquit" a defendant pursuant to section 1385 is misplaced. What matters is whether, regardless of what label is attached to the dismissal, the reason for dismissal was insufficiency of the evidence presented at trial. Insufficiency of the evidence is plainly a reason that "would motivate a reasonable judge," and dismissal under section 1385 for this reason has precedent under California law. *See, e.g., People v. Howard,* 446 P.2d at 141, 147–48 (approving of section 1385 dismissal due to "[i]nsufficiency of the evidence to prove the defendant's guilt beyond a reasonable doubt").

6. Citing *Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), Mannes argues for the first time on appeal that the Double

Jeopardy Clause bars her retrial for murder (and presumably for manslaughter) because she was convicted of the two driving under the influence counts. She contends a new prosecution is prohibited because the government, "to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted." *Id.* at 521, 110 S.Ct. at 2093. Because Mannes did not raise this issue in her habeas petition, it is not properly before us. *Willard v. People of State of California,* 812 F.2d 461, 465 (9th Cir.1987); *Ahlswede v. Wolff,* 720 F.2d 1108, 1109 (9th Cir. 1983). Moreover, Mannes has not presented this claim to the state courts. Exhaustion of state remedies is a prerequisite to federal habeas review. *Justices of Boston Mun. Court,* 466 U.S. at 303, 104 S.Ct. at 1810.