5 F.3d 539
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Walter REBER, Petitioner-Appellant,
v.
James ROWLAND, Director, et al., Respondents-Appellees.
William REBER, aka Charles Gaudlin, Petitioner-Appellant,
v.
James ROWLAND, Director, et al., Respondents-Appellees.
 Nos. 92-16727, 92-16967.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 30, 1993.*
Decided Sept. 14, 1993.
 
 Appeal from the United States District Court for the Eastern District of California, Nos. CV-90-00715-EJG, Edward J. Garcia, District Judge, Presiding.
 E.D.Cal.
 AFFIRMED.
 Before: REAVLEY,** PREGERSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Walter Reber and William Reber appeal the district court's
 
 
 3
 denial of their habeas corpus petitions. The primary issue
 
 
 4
 is whether the exclusion of mental health records of the two
 
 
 5
 victim witnesses, which the state acknowledges violated the
 
 
 6
 Confrontation Clause,[1] was harmless error. The
 
 
 7
 Rebers also now claim that the district court erred when it
 
 
 8
 failed to consider their claim that they were denied the
 
 
 9
 right to call an expert witness.
 
 
 10
 We have carefully reviewed the record and the district court's decision, and we affirm for the reasons set forth in the Findings and Recommendations of Magistrate Judge Gregory G. Hollows, as adopted by the district court in its Judgment of August 24, 1992. We do so with only two caveats.
 
 
 11
 (1) The district court's decision was issued before the Supreme Court handed down its decision in Brecht v. Abrahamson, --- U.S. ----, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). As a result, the district court applied a harmless error standard less onerous than Brecht's "substantial and injurious effect or influence in determining the verdict," which, as the Court said, is an " 'actual prejudice' " standard. Id. at ----, 113 S.Ct. at 1722 (citation omitted). Because the Rebers cannot even meet the less onerous standard used by the district court, its decision was correct.
 
 
 12
 (2) We agree with the district court's determination that the so-called inability to call expert witness issue was not presented to the state courts and was not actually raised in the habeas corpus petitions to the district court. The failure to raise that separate issue in the habeas corpus petitions excludes it from our consideration. See Mannes v. Gillespie, 967 F.2d 1310, 1316 n. 6 (9th Cir.1992), cert. denied, --- U.S. ----, 113 S.Ct. 964, 122 L.Ed.2d 121 (1993). We express no opinion on whether that issue can now be raised in the state courts or can be raised at a later time in the federal courts. However, we do observe that the magistrate judge offered the Rebers an opportunity to return to state court to exhaust that issue--if it was to be an issue--and they declined so to do.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 Hon. Thomas M. Reavley, Senior United States Circuit Judge, United States Court of Appeals for the Fifth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 1 U.S. Const. amend. VI.