5 F.3d 535
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Gary L. DAILY, Petitioner-Appellant,
v.
Ed MYERS, Warden, Correctional Training Facility, Soledad,
Respondent-Appellee.
 No. 92-16857.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 2, 1993.*
Decided Sept. 15, 1993.
 
 1
 Before: REAVLEY,** PREGERSON and FERNANDEZ, Circuit Judges
 
 
 2
 MEMORANDUM***
 
 
 3
 Gary L. Daily appeals the denial of his petition for writ of habeas corpus. We affirm.
 
 BACKGROUND FACTS
 
 4
 The day before a burglary, Daily ascertained that the victim's next door neighbor would not be home until 4:00 p.m. On the day of the burglary, Daily's van was parked in an alley between the two houses with the cargo doors open. The victim's bathroom and living room windows had been broken open and her property was in garbage bags lined up from the house toward Daily's van. Kevin Feeney arrived and noticed Daily peeking around the corner of the victim's house. Upon being confronted by Feeney, Daily became hysterical and exclaimed, "You know me! I know your old lady!" and "Oh, shit!" Another person in the van slammed the cargo doors shut and Daily fled. Based on this evidence, Daily was convicted of first degree burglary.
 
 DISCUSSION
 
 5
 Daily claims that the evidence was insufficient to support his burglary conviction. The broken windows and garbage bags containing the victim's property indicate that a burglary was in progress. Daily's exclamations and flight from the scene support the inference that he was the burglar. Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime of burglary beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 321, 99 S.Ct. 2781, 2790, 61 L.Ed.2d 560 (1979). The conviction was based on constitutionally sufficient evidence.
 
 
 6
 With respect to Daily's claim that the sentencing court made an improper dual use of sentencing facts, the record clearly shows that the trial court relied on the five aggravating facts noted in the presentence report to impose the upper term of imprisonment. Those five facts were different from the facts which supported the sentence enhancements: commission of an offense while on bail, Cal.Penal Code Sec. 12022.1, and prior serious felony conviction, Cal.Penal Code Sec. 667(a). Thus, there was no violation of Cal.Penal Code Sec. 1170(b).
 
 
 7
 The trial court correctly followed California law in selecting the principal term and calculating the aggregate term of imprisonment pursuant to Cal.Penal Code Sec. 1170.1(a). Section 12022.1 does not govern the calculation of the sentence under Sec. 1170.1. People v. Melchor, 211 Cal.App.3d 1485, 1490, 260 Cal.Rptr. 174, 177 (1989); People v. Jackson, 192 Cal.App.3d 209, 218-20, 237 Cal.Rptr. 373, 378-79 (1987).
 
 
 8
 The ineffective assistance of counsel claim was not raised in Daily's petition in the district court. It may not, therefore, be considered on appeal. See Mannes v. Gillespie, 967 F.2d 1310, 1316 n. 6 (9th Cir.1992), cert. denied, --- U.S. ----, 113 S.Ct. 964, 122 L.Ed.2d 121 (1993).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 Hon. Thomas M. Reavley, Senior United States Circuit Judge, United States Court of Appeals for the Fifth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3