### Sammy L. PAGE, Petitioner,

v.

### Jon DEMORALES, Respondent.

No. 00–17479.

D.C. No. CV–00–03810–VRW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 12, 2002.

Decided Aug. 1, 2002.

---

Before GOODWIN, HAWKINS, and FISHER, Circuit Judges.

### MEMORANDUM *

Sammy Page appeals the judgment denying his petition for writ of habeas corpus. The district court certified for appeal Page's claim that civil commitment proceedings pursuant to California's Sexually Violent Predators Act ("California's SVPA") would violate the Double Jeopardy Clause. We affirm.

Sammy Page is a serial rapist who has been repeatedly incarcerated for crimes spanning three decades. Page was scheduled to be released on parole in 1997. One month before his scheduled release date, the state filed a petition seeking Page's civil commitment under California's SVPA. *See* Welf. & Inst.Code, § 6600 *et seq.* The state court found probable cause for Page to stand trial on the civil commitment proceedings. Page is currently in custody at a state mental hospital awaiting trial under California's SVPA.

The district court noted that pre-trial habeas relief is generally precluded by *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), which requires federal courts to abstain from interfering with pending state proceedings. However, the court recognized that *Younger* does not prohibit pre-trial habeas review when the petitioner raises a colorable claim that the state proceeding will violate the Double Jeopardy Clause. *See Mannes v. Gillespie,* 967 F.2d 1310, 1312 (9th Cir.1992); *Hartley v. Neely,* 701 F.2d 780, 781 (9th Cir.1983). The Double Jeopardy Clause states that "nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. Amend. V. This has been interpreted as a prohibition "not against being twice punished, but against being twice put in jeopardy." *United States v. Ball,* 163 U.S. 662, 669, 16 S.Ct. 1192, 41 L.Ed. 300 (1896), *quoted in Mannes,* 967 F.2d at 1312.

Page claims that a trial pursuant to California's SVPA would place him, for the second time, in jeopardy of punishment for his sexual offenses. The district court held that *Kansas v. Hendricks,* 521 U.S. 346, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997), in which the Supreme Court rejected a double jeopardy claim against a Kansas statute "substantially similar" to California's SVPA, "forecloses any claim that

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

the SVPA, on its face, violates the Double Jeopardy Clause." In *Hendricks,* the Supreme Court held that the civil commitment authorized by Kansas's SVPA was not punitive and that therefore, the Double Jeopardy Clause was not implicated. *Hendricks,* 521 U.S. at 369. On the merits of Page's double jeopardy claim, we may grant habeas relief only if the state court's decision was "contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. 2254(d)(1). Page attempts to distinguish *Hendricks* in order to show that California's SVPA imposes punishment, but we find his arguments unpersuasive. The California State Supreme Court, following *Hendricks,* rejected similar arguments that California's SVPA civil commitment is punitive. *See Hubbart v. Superior Court of Santa Clara County,* 19 Cal.4th 1138, 81 Cal.Rptr.2d 492, 969 P.2d 584, 611 (1999) (holding that California's SVPA does not impose punishment for purposes of the ex post facto clause). In light of *Hendricks,* Page has not raised a colorable claim that California's SVPA is punitive. We must conclude, therefore, that the district court did not err in applying *Younger* abstention to Page's double jeopardy claims. The district court's dismissal of Page's habeas claim does not, however, prejudice any constitutional claims that Page may bring at the end of a successful commitment proceeding by the state. We expect the state court will conduct the commitment proceeding in accordance with the constitutional requirements set forth in *Kansas v. Crane,* 534 U.S. 407, 122 S.Ct. 867, 151 L.Ed.2d 856 (2002).

The judgment of the district court denying Page's writ of habeas corpus is AFFIRMED.