**Robert E. HARTLEY, Jr.,**
**Petitioner-Appellant,**

v.

**Stephen NEELY, Pima County Attorney,**
**Robert Corbin, Attorney General, State**
**of Arizona, Respondents-Appellees.**

No. 82–5582.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 14, 1982.

Decided March 14, 1983.

S. Jeffrey Minker, Tucson, Ariz., for petitioner-appellant.

---

James Howard, Tucson, Ariz., for respondents-appellees.

Before ANDERSON, HUG, and NORRIS, Circuit Judges.

PER CURIAM:

The district court denied Hartley's petition for writ of habeas corpus. We affirm.

Hartley was released on his own recognizance after he sought, and was granted, a mistrial on the basis of prejudice resulting from prosecutorial misconduct. Prior to a second trial on the same charges, Hartley moved for dismissal of his indictment, claiming that further prosecution was barred by the double jeopardy clause of the Fifth Amendment. The motion was denied. Hartley then pursued his double jeopardy claim through the state court system. After the Arizona Supreme Court denied his petition for review he filed the petition for writ of habeas corpus now at issue.

 The case presents a threshold question: Was the requirement of 28 U.S.C. § 2254(b) that an applicant for a writ of habeas corpus have "exhausted the remedies available in the courts of the State" satisfied even though Hartley's petition was made prior to the final judgment of a State court? We hold that in the case of a double jeopardy claim the exhaustion requirement may be satisfied before a final judgment was rendered in a State court.

The guarantees of the double jeopardy clause include not only protection from multiple convictions and punishment but also the right not to be "twice put to *trial* for the same offense." *Abney v. United States,* 431 U.S. 651, 660, 97 S.Ct. 2034, 2040, 52 L.Ed.2d 651 (1977). We agree with the Supreme Court that this right "would be significantly undermined if appellate review were postponed until after conviction and sentence." *Id.* at 660, 97 S.Ct. at 2040. Indeed, we are convinced that a petitioner

in state custody can only be assured freedom from double jeopardy by giving him access to habeas review prior to a second trial. We therefore hold that pretrial habeas corpus review is appropriate in those cases where, as here, all other state remedies were exhausted. In so holding, we join the other circuits which have considered the question. *See Benson v. Superior Ct. Dept. of Trial Ct.,* 663 F.2d 355 (1st Cir.1981); *Drayton v. Hayes,* 589 F.2d 117 (2d Cir. 1979); *Robinson v. Wade,* 686 F.2d 298 (5th Cir.1982).

 We affirm the district court's denial of Hartley's petition on the merits. Hartley himself sought a mistrial in the first proceeding. Unless he proves that his motion for mistrial was provoked by the prosecution he is therefore bound by the rule that a second trial is not barred on double jeopardy grounds where the initial mistrial was declared on the defendant's motion. *United States v. Dinitz,* 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1979). Our review of the record shows that the state did not provoke Hartley's motion for mistrial. The district court's denial of Hartley's petition is therefore

AFFIRMED.