**Brian Tracey HILL, Petitioner–Appellant,**

v.

**Charles C. PLUMMER, Respondent–Appellee.**

No. 99–16156.

D.C. No. CV–98–04426–SI.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 10, 2001.*

Decided Sept. 19, 2001.

Before HUG, PREGERSON, and WARDLAW, Circuit Judges.

### MEMORANDUM **

California state prisoner Brian Tracey Hill appeals pro se the district court's order dismissing without prejudice Hill's 28 U.S.C. § 2241 habeas petition, challenging his second trial for battery on a peace officer on grounds of double jeopardy. We have jurisdiction pursuant to §§ 1291 and 2253, and we affirm.

On December 11, 1997, a grand jury charged Brian Tracey Hill with battery on a peace officer and assault with a deadly weapon. In February 1998, a jury found Hill not guilty of the assault with a deadly weapon charge and deadlocked on the battery charge. Hill subsequently moved to dismiss the battery charge on the grounds of double jeopardy. The trial court rejected Hill's argument and allowed the re-trial on the battery charge. Concurrent with his re-trial, Hill presented his double jeopardy claim before the state appellate courts. On July 29, 1998, a jury convicted Hill of battery on a peace officer, along with an enhancement for personal use of a deadly weapon. Hill filed a section 2241 petition in the district court raising the double jeopardy claim.

The district court determined that principles of federalism and comity required it

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

to abstain from consideration of Hill's habeas petition until all of Hill's state criminal proceedings are completed. *See Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Hill asserts that, to the contrary, abstention in this instance is not required since there is a recognized exception to the abstention rule where double jeopardy issues are raised. *See Abney v. United States,* 431 U.S. 651, 660, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977) (concluding that the protection from multiple trials for the same offense afforded by the double jeopardy clause "would be significantly undermined if appellate review were postponed until after conviction and sentence").

Hill's second trial for battery on a peace officer had already taken place at the time he filed his federal habeas petition. Thus, Hill's double jeopardy claim no longer fits into the exception provided to protect against the unique harm of suffering through a second trial, *see Hartley v. Neely,* 701 F.2d 780, 781 (9th Cir.1983) (per curiam) ("Indeed, we are convinced that a petitioner in state custody can only be assured freedom from double jeopardy by giving him access to habeas review *prior to a second trial.*" (emphasis added)); *Mannes v. Gillespie,* 967 F.2d 1310, 1312 (9th Cir.1992) ("Because full vindication of the right necessarily requires intervention before trial, federal courts will entertain *pretrial* habeas petitions that raise a colorable claim of double jeopardy." (emphasis added)), and the district court properly dismissed Hill's petition.

**AFFIRMED.**