Thomas S. SCHILLACI, Petitioner,

v.

John F. PEYTON, Director, Department of Public Safety, State of Hawai'i,

and

Alan Nouchi, Acting Warden, Maui Community Correctional Center, Respondents.

No. CV 04–00143 DAE/LEK.

United States District Court, D. Hawai'i.

July 27, 2004.

Peter C. Wolff, Office of the Federal Public Defenders, Honolulu, HI, for Thomas S. Schillaci, petitioner.

Davelynn M. Tengan, Arleen Y. Watanabe, Department of the Prosecuting Attorney, Wailuku, HI, for John F. Peyton, Director, Department of Public Safety, State of Hawaii, Alan Nouchi, Acting Warden, Maui Community Correctional Center, respondents.

## ORDER GRANTING PETITIONER'S MOTION TO STAY RETRIAL IN STATE COURT

EZRA, Chief Judge.

Pursuant to Local Rule 7.2(d), the court finds this matter suitable for disposition without a hearing. After reviewing Petitioner's Motion, the supporting memorandum, and Respondent's Statement of No Position, the court GRANTS Petitioner's Motion To Stay Retrial in State Court.

## BACKGROUND

On March 1, 2004, Petitioner Thomas Schillaci ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition") in the Federal District Court of the District of Hawai'i. In his Petition, Petitioner claims that the State of Hawai'i is attempting to retry him for committing second-degree murder and for committing a related firearm charge. Petitioner believes that this action violates the Double Jeopardy Clause of the Federal Constitution. Petitioner represents that his retrial is set to begin before Judge Joel August in the Circuit Court for the Second Circuit of the State of Hawai'i on August 3, 2004. Petitioner states that Judge August is not likely to grant any further continuances. Consequently, Petitioner requests that this court stay the retrial in state court until after the federal court has ruled upon his Petition. However, Petitioner makes clear that he does not want this court to stay the proceedings in their entirety because he would like any pending pretrial litigation to continue.

On April 7, 2004, Petitioner filed a Motion for an Order Staying Retrial in State Court ("Motion"). Respondents John F. Peyton and Alan Nouchi (together, "Respondents") filed a Statement of No Position on Petitioner's Motion on May 19, 2004.

## DISCUSSION

Both the Anti–Injunction Act and the *Younger* abstention doctrine bar federal courts from interfering with state proceedings. However, the federal courts have recognized that limited exceptions exist to the Anti–Injunction Act and the *Younger* doctrine, and in these situations, a federal court can issue an injunction. Consequently, in considering Petitioner's Motion, this court must determine whether the circumstances Petitioner has described constitute an exception to these limits on a federal court's injunction power.

### A. THE ANTI–INJUNCTION ACT

■ The Anti–Injunction Act ("the Act") states that "[a] court of the United States may not grant an injunction to stay proceedings in a state court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283 (2000). Consequently, one of the limited exceptions to the Act is when a federal statute explicitly permits a federal court to enjoin a state proceeding. *Mitchum v. Foster*, 407 U.S. 225, 226, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972).

As Petitioner asserts, the federal habeas statute, 28 U.S.C. § 2251 ("Section 2251"), is one of the few statutes that authorizes a federal court to stay proceedings in state court. *See e.g., McFarland v. Scott*, 512 U.S. 849, 114 S.Ct. 2568, 129 L.Ed.2d 666 (1994). However, it is well-recognized that a court should only grant a stay if substantial grounds are present upon which relief might be granted. *Vargas v. Lambert*, 159 F.3d 1161, 1166 (9th Cir.1998) (citing *Barefoot v. Estelle*, 463 U.S. 880, 895, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983)). The Supreme Court has explained that in establishing that substantial grounds are present

> obviously the petitioner need not show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.

*Barefoot*, 463 U.S. at 893 n. 4, 103 S.Ct. 3383 (citation and internal quotes omitted).

■ In considering Petitioner's Motion, the court concludes that Petitioner's circumstances satisfy each of these criteria that have been delineated by the Court. The question of whether it is a violation of

the Double Jeopardy Clause to retry Petitioner on the second-degree murder charge and the firearm charge is debatable among reasonable jurists, could be resolved differently than the way the Hawai'i Supreme Court has resolved the issue, and raises questions which deserve to proceed further. Consequently, this court concludes that the Anti–Injunction Act does not preclude this court from enjoining Petitioner's state proceedings.

## B. *THE YOUNGER DOCTRINE*

In addition, the court must consider whether enjoining Petitioner's state criminal proceedings would violate the *Younger* abstention doctrine. The *Younger* doctrine arises from the Supreme Court's decision in *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). In *Younger,* the Supreme Court reversed a federal court's decision to enjoin a state criminal prosecution because the decision violated the "national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances." *Id.* at 41, 91 S.Ct. 746. The Court based its decision on the established doctrine that a court of equity should not interfere with a state criminal prosecution when the moving party has an adequate remedy available and would not suffer irreparable injury. *Id.* at 43–44, 91 S.Ct. 746. Moreover, the Court stated that it coupled this consideration with "an even more vital consideration, the notion of 'comity,' that is a proper respect for state functions." *Id.* at 44, 91 S.Ct. 746.

Exceptions to the *Younger* doctrine are very limited, but several do exist. In *Younger,* the Court identified three particular exceptions: 1) when there has been a bad faith state prosecution; 2) when there is a patently unconstitutional state law; or 3) when an adequate state forum does not exist in which to raise a constitutional issue. *Id.* at 53–54, 91 S.Ct. 746. The Court also noted that "[t]here may, of course, be extraordinary circumstances in which necessary irreparable injury can be shown even in the absence of the usual prerequisites of bad faith and harassment." *Id.* at 53, 91 S.Ct. 746.

■ The Ninth Circuit has recognized that a successive prosecution in state court would constitute the type of extraordinary circumstances which would permit a federal court to enjoin a state proceeding, notwithstanding the *Younger* abstention doctrine. In *Mannes v. Gillespie,* the Ninth Circuit stated that "[a] claim that a state prosecution will violate the Double Jeopardy Clause presents an exception to the general rule of *Younger* ...." 967 F.2d 1310, 1312 (9th Cir.1992) (citations omitted). The court explained that this exception arises because the Double Jeopardy clause does not seek to prevent an individual from being punished twice; it seeks to prohibit an individual from being placed in jeopardy twice.

■ With regard to the instant case, the court agrees with Petitioner that if Petitioner is convicted in the second state court proceeding, overturning the conviction would not be a complete remedy, as Petitioner would have already been placed in jeopardy twice. In *Hartley v. Neely,* the Ninth Circuit made clear that "a petitioner in state custody can only be assured freedom from double jeopardy by giving him access to habeas review prior to a second trial." 701 F.2d 780, 781 (9th Cir. 1983). As a result, in the instant case, Petitioner will incur irreparable injury if the state proceedings are not enjoined. Petitioner's circumstances constitute an exception to the *Younger* abstention doctrine.

Based upon the fact that the Anti–Injunction Act and the *Younger* doctrine do not bar this court from enjoining Petitioner's state proceedings and Respondents do not object to this action, the court

GRANTS Petitioner's Motion To Retrial in State Court. In the event that the federal court denies Petitioner's § 2255 Motion, this injunction will remain in effect pending any appellate proceedings on the § 2255 Motion. However, in granting Petitioner's Motion, the court makes clear that this order does not stay any pending pretrial litigation, and these matters should proceed on their previously established schedule at the discretion of the state court judge.

## CONCLUSION

For the reasons stated above, the court GRANTS Petitioner's Motion To Retrial in State Court.

IT IS SO ORDERED.