**Ronald Edward SMITH, Petitioner–Appellant,**

v.

**Charles PLUMMER, Sheriff, Respondent–Appellee.**

No. 06–16240.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 14, 2008.

Filed Jan. 28, 2008.

---

Ronald Edward Smith, Dublin, CA, pro se.

A.J. Kutchins, Esq., Berkeley, CA, for Petitioner–Appellant.

Gregory A. Ott, Esq., Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before: NOONAN, W. FLETCHER, and IKUTA, Circuit Judges.

## MEMORANDUM *

Ronald Edward Smith contends that the district court erred in summarily dismissing as unexhausted the several claims in his petition for a writ of habeas corpus. We agree.

In filing his petition, Smith clearly stated that each of his claims had been adjudicated by the California Supreme Court. He also responded affirmatively to the following question on a court-provided form: "Is any petition, appeal or other post-conviction proceeding now pending in any court?" The exhibits attached to Smith's

petition suggest that the pending "petition" was in fact a civil commitment petition *against* Smith, which Smith wished to challenge through federal habeas as a violation of his plea agreement. A summary dismissal based on such a filing is erroneous in one of two ways.

If, on the one hand, the district court understood that the pending state proceeding in question was an allegedly illegal civil commitment proceeding, the exhaustion requirements of 28 U.S.C. § 2254(b) and (c) would pose no obstacle to review. *See Coe v. Thurman,* 922 F.2d 528, 530–531 (9th Cir.1990); *Hartley v. Neely,* 701 F.2d 780, 781 (9th Cir.1983). If, on the other hand, the district court did not infer the nature of the pending state proceeding from Smith's petition, the dismissal was based on insufficient information. Were Smith a trained lawyer, it would be fair to assume that his response on the court-provided form indicated that he was maintaining a collateral attack on his conviction in state court. But coming from a pro se petitioner, Smith's representation that there was "any petition, appeal or other post-conviction proceeding now pending in any court" was ambiguous. The exhibits attached to Smith's petition made it even less clear that Smith was maintaining a suit in state court that would bar his federal claims. In light of the courts' duty to liberally construe pro se pleadings, *Haddock v. Board of Dental Examiners of California,* 777 F.2d 462, 464 (9th Cir. 1985), as well as the principle that a court should summarily dismiss a habeas petition only where it is "patently frivolous or false," *Hendricks v. Vasquez,* 908 F.2d 490, 491 (9th Cir.1990) (quoting *Blackledge v. Allison,* 431 U.S. 63, 76, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977)), such an ambiguous

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

filing by a pro se petitioner does not warrant summary dismissal.

REVERSED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.