STATE of Iowa, Appellee,

v.

**Randall Kirk BELL, Appellant.**

No. 67145.

Supreme Court of Iowa.

July 21, 1982.

Rehearing Denied Aug. 19, 1982.

John J. Piazza of Polk County, Offender Advocate Office, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Shirley Ann Steffe, Asst. Atty. Gen., and William Thomas, Asst. County Atty., for appellee.

McCORMICK, Justice.

This appeal involves a double jeopardy question. Defendant Randall Kirk Bell was tried for first-degree murder. After deliberating on the case, the jury returned to the courtroom and tendered a verdict finding defendant guilty of second-degree murder. When the jury was polled, one juror said she disagreed with the verdict because she had a reasonable doubt of the sufficiency of evidence on that charge. Defendant moved for mistrial, and the State resisted, asking that the jury be returned to its delibera-tions. The trial court sustained the motion and discharged the jury. Prior to scheduled retrial, defendant moved to dismiss the charge of first-degree murder on grounds of double jeopardy under U.S.Const.Amend. V and XIV and Iowa Const.Art. I, § 12. The trial court overruled the motion, and, upon defendant's application, this court granted discretionary review. We affirm the trial court.

Principles governing double jeopardy under the Federal Constitution are reviewed in *Oregon v. Kennedy*, —— U.S. ——, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982). For purposes of the present question, we hold that those principles apply under the Iowa Constitution as well. *See State v. Nelson*, 234 N.W.2d 368, 374–75 (Iowa 1975); *State v. Manning*, 224 N.W.2d 232, 235 (Iowa 1974); *cf. State v. Allen*, 304 N.W.2d 203, 208 (Iowa 1981) (reserving issue concerning whether jeopardy will be found under state constitution when defendant obtains acquittal without submission of case to the factfinder). Because the mistrial was granted on defendant's motion, "the circumstances under which [the] defendant may invoke the bar of double jeopardy in a second effort to try him are limited to those cases in which the conduct giving rise to the motion for mistrial was intended to provoke the defendant into moving for mistrial." *Kennedy*, —— U.S. at ——, 102 S.Ct. at 2091, 72 L.Ed.2d at 427. This is because a defendant's motion for mistrial is generally "deemed to be a deliberate election on his part to forego his valued right to have his guilt or innocence determined before the first trier of fact." *United States v. Scott*, 437 U.S. 82, 93, 98 S.Ct. 2187, 2195, 57 L.Ed.2d 65, 76 (1978).

In seeking to escape the effect of this principle, defendant contends he was actually acquitted of first-degree murder in the first prosecution so that his motion for mistrial was only addressed to the unresolved charge of second-degree murder. He relies on *Green v. United States*, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957), where the Court held that a conviction of

second-degree murder is an implied acquittal of first-degree murder for double jeopardy purposes. Defendant acknowledges this case differs in that he was not convicted of second-degree murder, but he argues it is stronger than *Green* because he was expressly acquitted of first-degree murder in the verdict tendered by the jury. When the jury was polled, all of the jurors but one confirmed the second-degree murder verdict and that juror thought the verdict should perhaps be for a still lesser offense.

We do not believe the verdict can be bifurcated in this way. Defendant was tried for a single offense containing included offenses. Under the court's instructions and the rules of criminal procedure, the jury was to return a single verdict. *See* Iowa R.Crim.P. 21(1) and (3). The language in the verdict form acquitting defendant of first-degree murder merely expresses the necessary consequence of a jury verdict of second-degree murder. *See State v. Schell*, 172 Iowa 127, 129, 153 N.W. 62, 63 (1915). That verdict, however, was not accepted. Because the polling showed the jury did not agree on the verdict and the jury was discharged on defendant's motion for mistrial, the jury did not decide the case. *See United States v. Love*, 597 F.2d 81 (6th Cir. 1979).

The procedure is dictated by Iowa R.Crim.P. 21(5):

> The jury, agreeing on a verdict unanimously, shall bring the verdict into court, where is shall be read to them, and inquiry made if it is their verdict. A party may then require a poll asking each juror if it is his or her verdict. If any juror expresses disagreement on such poll or inquiry, the jury shall be sent out for further deliberation; otherwise the verdict is complete and the jury shall be discharged. When the verdict is given and is such as the court may receive, the clerk may enter it in full upon the record.

Defendant prevented the jury from being sent out for further deliberation by his motion for mistrial. Thus there was no verdict. Without a verdict there was no acquittal.

Defendant contends, however, that the jury's unanimous intent to acquit him of first-degree murder was manifest, and that it must be given effect. A similar argument was made and rejected in *People v. Griffin*, 66 Cal.2d 459, 58 Cal.Rptr. 107, 426 P.2d 507 (1967). That case involved a trial for first-degree murder which ended in a mistrial because the jury could not agree on a verdict. Afterward the jury foreman disclosed and the parties stipulated that the deadlock was caused by ten jurors voting for acquittal and two for second-degree murder. In rejecting the defendant's argument that he had been implicitly acquitted of first-degree murder, the court said:

> There is no reliable basis in fact for such an implication, for the jurors had not completed their deliberations and those voting for second degree murder may have been temporarily compromising in an effort to reach unanimity. Nor need we "imply" an acquittal as a matter of policy. Defendant has not had a conviction of a lesser offense overturned on appeal, and it is therefore not necessary to prohibit retrial for any greater crime to protect the right to appeal.

*Id.* at 464, 58 Cal.Rptr. at 110, 426 P.2d at 510. Support for this position exists in decisions of other courts. *See Walters v. State*, 255 Ark. 904, 503 S.W.2d 895, *cert. denied*, 419 U.S. 833, 95 S.Ct. 59, 42 L.Ed.2d 59 (1974); *People v. Hall*, 25 Ill.App.3d 992, 324 N.E.2d 50 (1975); *People v. Hickey*, 103 Mich.App. 350, 303 N.W.2d 19 (1981). Some support for defendant's position is found in *Stone v. Superior Court in and for the County of San Diego*, 114 Cal.App.3d 572, 170 Cal.Rptr. 743 (1981) (review pending in the California Supreme Court), and *State v. Castrillo*, 90 N.M. 608, 566 P.2d 1146 (1977). These cases, however, are distinguishable on their facts. *Stone* involved jury deadlock where jurors were polled concerning their individual positions. Compromise to reach accord was not considered to be a factor. *Castrillo* involved an issue of manifest necessity because mistrial had not been requested by the defendant. Moreover, to the extent *Stone* may be inconsistent with *Grif-*

*fin*, we believe *Griffin* expresses the better view, and *Castrillo* may have been undercut by the New Mexico court's subsequent holding in *State v. Wardlow*, 95 N.M. 585, 624 P.2d 527 (1981).

In contending the jury acquitted him of first-degree murder, defendant argues none of the jurors could have been voting for second-degree murder as a temporary compromise if they were faithful to their duty as explained in *State v. Willis*, 218 N.W.2d 921, 924–25 (Iowa 1974). The issue addressed in *Willis* was the problem of jury nullification. Nothing in that case affects the jurors' duty through discussion and reflection to attempt to reach accord on a verdict. Compromise is inherent in that process. So long as jurors do not abandon honest convictions solely for the purpose of reaching a verdict, they do not breach their duty. *See State v. Hackett*, 200 N.W.2d 493, 496 (Iowa 1972). The most that can be said for defendant's position is that if the jury had reached a verdict through further deliberation the resulting verdict probably would have acquitted him of first-degree murder. This, however, is not what happened.

We hold that the record in the present case does not establish an acquittal of first-degree murder. Therefore it does not constitute double jeopardy to retry defendant on that charge. The trial court's ruling was correct.

AFFIRMED.