# IN THE COURT OF APPEALS OF IOWA

No. 3-1132 / 12-1332
Filed February 5, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ERWIN SHAQUAN KING JR.,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Mark J. Smith, Judge.

Defendant appeals the judgment against him, based on his guilty pleas, to two counts of theft in the first degree. **CONVICTIONS AFFIRMED; SENTENCES AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

Mark C. Smith, State Appellate Defender, and Rachel C. Regenold, Assistant Appellate Defender.

Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, Michael J. Walton, County Attorney, and Amy Devine, Assistant County Attorney, for appellee.

Considered by Danilson, C.J., Vaitheswaran, J., and Miller, S.J.*

Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**MILLER, S.J.**

Erwin King appeals his convictions, based on his guilty pleas, to two counts of first-degree theft. He raises claims of ineffective assistance of counsel, the court's denial of his motion in arrest of judgment, the amount of restitution ordered for court-appointed attorney fees, and prosecutorial misconduct. Two of his claims of ineffective assistance of counsel, regarding the mandatory minimum sentence and failure to defend, to investigate, and to be an advocate, are preserved for possible postconviction proceedings. The remainder of his claims of ineffective assistance are without merit. The district court properly denied his motion in arrest of judgment. His claim of prosecutorial misconduct has not been preserved for our review. We affirm King's convictions to two counts of first-degree theft. We vacate that part of the sentencing order concerning reimbursement of attorney fees and remand for a new order determining the proper amount for his court-appointed attorney fees, which may not exceed $1800. The other parts of the sentencing order are affirmed.

**I.      Background Facts & Proceedings**

Erwin King was charged with two counts of second-degree robbery as an habitual offender. King gave notice of an alibi defense. The jury trial commenced on April 30, 2012, and continued on May 1, 2012.

While the jury was deliberating on the afternoon of May 1, 2012, King entered into a plea agreement with the State in which he agreed to plead guilty to two counts of first-degree theft as an habitual offender and the State agreed to dismiss the two charges of second-degree robbery. The State also agreed not to

resist concurrent sentences on the two theft charges.[1]  The district court engaged in a plea colloquy with King and accepted his guilty pleas to two counts of first-degree theft, in violation of Iowa Code section 714.2(1) (2011), class "C" felonies. The court then discharged the jury.

King filed a motion in arrest of judgment alleging that while he was entering guilty pleas the jury had acquitted him of the charges of second-degree robbery.  The district court determined no verdict on the second-degree robbery charges had been rendered under Iowa Rule of Criminal Procedure 2.22(5) because the jury's decision had not been read in open court and there was no polling of the jurors.  The court denied the motion in arrest of judgment.

The court sentenced King to no more than fifteen years in prison on each count of first-degree theft, to be served consecutively.  King appeals his convictions and sentences.

## II.    Ineffective Assistance

We review claims of ineffective assistance of counsel de novo.  *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012).  To establish a claim of ineffective assistance of counsel, a defendant must show (1) the attorney failed to perform an essential duty, and (2) prejudice resulted to the extent it denied the defendant a fair trial.  *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009).  "In determining whether an attorney failed in performance of an essential duty, we avoid second-guessing reasonable trial strategy."  *Everett v. State*, 789 N.W.2d 151, 158 (Iowa

---

[1]   The State also agreed not to resist the sentences in the present case running concurrently to a sentence to be served as a result of a parole violation.  This part of the plea agreement has not been challenged on appeal.

2010). In order to show prejudice in guilty plea proceedings, a defendant is required to show a reasonable probability that, but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial. *See State v. Straw*, 709 N.W.2d 128, 138 (Iowa 2006).

**A.** King contends he received ineffective assistance because his defense counsel did not object when the court refused to be bound by the plea agreement at sentencing. He asserts that under the plea agreement he should have been given concurrent sentences rather than consecutive sentences. He asserts counsel should have argued that because the court determined it was not bound by the plea agreement, King should have been permitted to withdraw his plea.

At the plea proceeding, the court set forth the terms of the plea agreement as follows:

> [T]he State and the defense have agreed upon a plea agreement, which indicates the defendant will plead guilty to an Amended and Substituted Trial Information adding Counts 3 and 4, Theft in the First Degree, and he'll plead to those as an habitual offender. The State will dismiss Counts 1 and 2 at the time of sentencing, which, again, is Robbery in the Second Degree in two counts. The State recommends incarceration as an habitual offender. The State will not resist Counts 3 and 4 running concurrently to each other.

When asked if this was his understanding of the plea agreement, King answered affirmatively.

The court also stated,

> Pleading guilty as an habitual offender provides a penalty of confinement not to exceed 15 years on each count. That means the Court could impose a sentence of 30 years. Do you understand that?

I understand what the plea agreement is, and the State doesn't resist concurrent terms. I'm just telling you what the maximum penalty is.

Again, King answered affirmatively. The court further asked King, "Have there been any predictions made or promises made by anyone concerning what the sentence will be if you plead guilty?" and he answered, "No, sir."

At the sentencing hearing the court noted that under the terms of the plea agreement the State would not resist concurrent sentences.[2] The court asserted it was not bound by the State's position. The court determined King should serve consecutive sentences.

We conclude the record does not support King's claim the plea agreement provided he would receive concurrent sentences and the court breached the terms of the agreement. King agreed on the record with the court's recitation of the plea agreement and indicated he understood he could receive up to thirty years in prison on the two charges. King also stated no promises had been made to him about sentencing. We conclude King has failed to show he received ineffective assistance on this issue. *See State v. Brothern*, 832 N.W.2d 187, 192 (Iowa 2013) (noting counsel should not be determined incompetent for failing to pursue a meritless issue).

**B.** King makes a related claim that he received ineffective assistance because defense counsel did not object when during the sentencing hearing the prosecutor did not specifically assert the State was not resisting concurrent

---

[2] The sentencing judge was quite familiar with the case and the terms of the guilty pleas, being the same judge who had presided at the two days of trial and at the guilty plea proceeding.

sentences. The prosecutor recommended incarceration but did not make any statement concerning consecutive or concurrent sentences.

"[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration [for the plea], such promise must be fulfilled." *State v. Horness*, 600 N.W.2d 294, 298 (Iowa 1999). When the State agrees to recommend a particular sentence the prosecutor must commend the recommended sentences to the court or otherwise inform the court the State supported the suggested sentences. *Id.* at 300. If the State agrees to be silent, however, the prosecutor must not recommend or suggest a particular sentence. *State v. Carrillo*, 597 N.W.2d 497, 500 (Iowa 1999).

We conclude the prosecutor's silence on the issue of concurrent or consecutive sentences is the same as not resisting concurrent sentences. The record does not support King's assertion the prosecutor breached the plea agreement. For this reason, there was no basis for an objection by defense counsel, and King has failed to show he received ineffective assistance due to counsel's failure to object. *See Brothern*, 832 N.W.2d at 192.

**C.** King claims he received ineffective assistance because defense counsel did not object on the ground there was an insufficient factual basis for his guilty plea to one of the charges of first-degree theft. The amended trial information alleged King had committed theft in the first degree under the alternative of theft from the person of another. *See* Iowa Code § 714.2(1). He asserts the minutes of evidence and attached police reports regarding a theft

from Anna Handsaker on October 21, 2011, stated her purse was taken from her house after a person had thrown her to the ground in her garage. He argues there was not a sufficient factual basis to show Handsaker's purse was taken from her person or from her immediate vicinity. *See State v. Washington*, 308 N.W.2d 422, 423 (Iowa 1981) (noting theft from a person "means from her immediate presence and possession of or from her immediate charge and custody").

Under Iowa Rule of Criminal Procedure 2.8(2)(b), a factual basis for a plea should be stated on the record. *State v. Finney*, 834 N.W.2d 46, 61 (Iowa 2013). "On a claim that a plea bargain is invalid because of a lack of accuracy on the factual-basis issue, the entire record before the district court may be examined." *Id.* at 62. A factual basis may be provided by statements made by a defendant at a guilty plea hearing. *State v. Velez*, 829 N.W.2d 572, 578 (Iowa 2013) (noting we may examine the statements made by the defendant and the prosecutor at a guilty plea proceeding to determine whether a factual basis has been established).

Here, during the plea colloquy, King was asked whether he had taken property from the person of Handsaker, and he answered, "Right." He also stated he had taken property from Handsaker, did not have permission to take it, and intended to keep the property. We conclude King's statement on the record provides an adequate factual basis for his guilty plea to first-degree theft.[3] We

---

[3] The State additionally asserts the minutes of evidence provide a factual basis to show a theft "from the person of another." *See* Iowa Code § 714.2(1). The minutes state Handsaker had gone on an errand and the following occurred:

conclude he has failed to show he received ineffective assistance on his claim regarding a factual basis for his guilty plea.

**D.** Under rule 2.8(2)(b)(2), a court should inform a defendant of the mandatory minimum punishment for an offense. King asserts the district court did not inform him of the three-year mandatory minimum sentence found in section 902.8 for an habitual offender convicted of a class "C" or "D" felony. He contends he received ineffective assistance because his defense counsel did not object to the court's failure to inform him of the mandatory minimum sentence.

The State acknowledges the court did not inform King of the three-year mandatory minimum sentence and defense counsel did not bring this problem to the court's attention.[4] In order to show ineffective assistance of counsel, however, King is required to show a reasonable probability that, but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial. *See Straw*, 709 N.W.2d at 138. "In only rare cases will the defendant be able to muster enough evidence to prove prejudice without a postconviction relief

---

> Once she arrived home she went into the garage, and then began unloading groceries inside her house. When she went back out to the garage a [ ] male approached her demanding money. She told him her purse was in the house. At that time, the suspect grabbed her by the back of the shirt and flung her to the ground. The suspect then went into the house, grabbed her purse, and fled from the scene.

Because King acknowledged on the record he had taken property from the person of Handsaker, we do not address whether the minutes of evidence themselves provide a sufficient factual basis to show theft from her immediate presence and possession or from her immediate charge and custody. *See Washington*, 308 N.W.2d at 423.

[4] In the defendant's version of events in the pre-sentence investigation (PSI) report King states there is a three-year mandatory minimum for his sentence. It is not clear, however, whether King knew of the three-year mandatory minimum sentence at the time he entered his guilty plea.

hearing." *Id.* We conclude this issue should be preserved for a possible postconviction proceeding.

**E.** King contends that due to cumulative errors by defense counsel we should determine he received ineffective assistance. We may look to the cumulative effect of counsel's errors to determine whether a defendant has satisfied the prejudice prong of the test for ineffective assistance. *State v. Clay*, 824 N.W.2d 488, 500 (Iowa 2012). King has not shown multiple failures by defense counsel to perform an essential duty. Therefore, he has not shown a cumulative prejudicial effect due to errors by defense counsel. We conclude King has not shown he received ineffective assistance based on cumulative error.

### III. Motion in Arrest of Judgment

King contends the district court abused its discretion by denying his motion in arrest of judgment. He asserts that based on his acquittal by the jury on the charges of second-degree robbery he should have been permitted to withdraw his guilty pleas. He claims he was acquitted at the time the jury voted to find him not guilty and the district court improperly determined the jury had not rendered a verdict because it had not been formally returned in open court and the jury was not polled.

We review a district court's decision on a motion in arrest of judgment for an abuse of discretion. *State v. Smith*, 753 N.W.2d 562, 564 (Iowa 2008). "An abuse of discretion will only be found where the trial court's discretion was

exercised on clearly untenable or unreasonable grounds." *Id.* A court's decision is untenable when it is based on an erroneous application of the law. *Id.*

Rule 2.22(5) provides:

> The jury, agreeing upon a verdict unanimously, shall bring the verdict into court, where it shall be read to them, and inquiry made if it is their verdict. A party may then require a poll asking each juror if it is the juror's verdict. If any juror expresses disagreement on such poll or inquiry, the jury shall be sent out for further deliberation; otherwise, the verdict is complete and the jury shall be discharged. When the verdict is given and is such as the court may receive, the clerk shall enter it in full upon the record.

At the beginning of the plea proceedings the court noted the jury was deliberating at that time, but King had decided to enter guilty pleas to two charges of first-degree theft as an habitual offender.[5] The plea proceedings concluded prior to any indication the jury had reached a verdict.[6] In addressing the motion in arrest of judgment, the district court determined the verdict on the charges of second-degree robbery had never been entered. The court stated it "called in the jury and indicated that the defendant had pled guilty and therefore there was no need to enter the verdict, in that the plea of guilty had been entered prior to the verdict being rendered in open court."

---

[5] The plea proceedings began at 4:42 p.m. on May 1, 2012. The court noted the jury was deliberating at that time. The plea concluded at 4:53 p.m. The court called the jury into the courtroom and discharged them at 4:57 p.m. There is an instruction in the record temporarily releasing the jurors at 4:30 p.m. on May 1, 2012, and asking them to continue deliberations the next day, but it is unknown whether this instruction was ever given. It is clear from the plea proceeding transcript the jury was still present in the courthouse until 4:57 p.m.

[6] At the sentencing hearing the court noted the court attendant had put her head in the door during the plea proceedings, but the circumstances were unclear. As the court stated, "It could have been a jury question for all I knew." The transcript of the plea proceedings do not give any indication that this incident occurred.

Under rule 2.22(5) the verdict is complete after it is read in court, the jury is asked if that is its verdict, and if any party requests, each juror is asked if that is the juror's verdict. As the court correctly noted, none of these steps were taken. After King entered a plea of guilty the court called the jurors into the courtroom and discharged them.

In the case of *State v. Bell*, 322 N.W.2d 93, 94 (Iowa 1982), a jury found the defendant guilty of second-degree murder. When the jury was polled in the courtroom, however, one of the jurors stated she disagreed with the verdict, and the court granted the defendant's motion for a mistrial. *Bell*, 322 N.W.2d at 94. Prior to retrial, the defendant argued the jury had acquitted him of first-degree murder and he could not be retried on that charge. *Id.* The supreme court determined, "Because the polling showed the jury did not agree on the verdict and the jury was discharged on defendant's motion for mistrial, the jury did not decide the case." *Id.* at 95. The court also stated, "there was no verdict. Without a verdict there was no acquittal." *Id.*

In this case, the jury did not enter a verdict acquitting King of second-degree robbery because he pled guilty to first-degree theft and the jury was discharged before the verdict could be completed—that is, before the jury's verdict was read in court, the jury asked it that was its verdict, and if any party had requested, the individual jurors asked it that was the juror's verdict.[7] The district court correctly found no verdict had been entered on the charges of

---

[7] King relies upon case law from other jurisdictions to support his argument, but we find these cases inapplicable based on the language of rule 2.22(5) specifically stating when a verdict is complete in Iowa.

second-degree robbery, and therefore, King was not acquitted of second-degree robbery. *See id.* We conclude the district court did not abuse its discretion by denying the motion in arrest of judgment.

## IV. Attorney Fees

At the sentencing hearing, the court stated King would be required to pay court-appointed attorney fees not to exceed $3500. The sentencing order did not set an amount for attorney fees but stated King would be required to pay attorney fees pursuant to section 815.9. King asserts that under Iowa Administrative Code rule 493-12.6(1), the fee limitation set for a class "C" felony was $1800. The fee limitations for public defenders and court-appointed attorneys are the same. *See State v. Dudley*, 766 N.W.2d 606, 622 (Iowa 2009).

The State agrees the amount King should be required to pay in restitution for court-appointed attorney fees should not exceed $1800.[8] Where a sentence is severable and the valid part is distinct from the invalid part, the valid part need not be disturbed. *State v. Krivolavy*, 258 N.W.2d 157, 158 (Iowa 1977). We vacate that part of the sentencing order concerning reimbursement of attorney fees and remand for a new order determining the proper amount for his court-appointed attorney fees, which may not exceed $1800. The other parts of the sentencing order are affirmed.

---

[8] The statute concerning fees for public defenders was amended in 2012. 2012 Iowa Acts ch. 1063, § 12. This provision became effective July 1, 2012. *See* Iowa Code § 3.7(1). The parties agreed the amended provisions do not apply to this case, where the offenses occurred in October 2011.

**V.     Pro Se Issues**

**A.**     In a pro se brief, King claims he should be able to withdraw his guilty pleas due to prosecutorial misconduct.  A defendant may not obtain relief based on a claim of prosecutorial misconduct without moving for a mistrial at the time of the alleged misconduct.  *State v. Krogmann*, 804 N.W.2d 518, 526 (Iowa 2011); *see also State v. Duncan*, 710 N.W.2d 34, 45 (Iowa 2006) (noting on an issue of prosecutorial misconduct, "[b]ecause no such objection was made to this testimony, the claimed error was not preserved").  King did not raise the issue of prosecutorial misconduct before the district court.  His claims on this issue have not been preserved for our review, and we do not address them.  "When a party fails to alert the district court to its contentions, that party cannot thereafter rely on those contentions to seek a reversal on appeal."  *State v. Halliburton*, 539 N.W.2d 339, 342 (Iowa 1995).

**B.**     King claims he received ineffective assistance because of defense counsel's failure to defend, to investigate, and to be an advocate.  In particular, he claims defense counsel improperly encouraged him to plead guilty to two counts of first-degree theft while the jury was simultaneously finding him not guilty of two counts of second-degree robbery.

We determine the record in this direct appeal is not sufficient for us to address King's pro se claims of ineffective assistance of counsel.  We conclude the issue should be preserved a possible postconviction proceeding.  *See State v. Reyes*, 744 N.W.2d 95, 103-04 (Iowa 2008) (noting issue should be preserved

for postconviction relief proceedings when the record was not sufficiently developed to permit disposition of the issue on direct appeal).

## VI.    Disposition

We affirm King's convictions, based on his guilty pleas, to two counts of first-degree theft.    Two of his claims of ineffective assistance of counsel, regarding the mandatory minimum sentence and failure to defend, to investigate, and to be an advocate, are preserved for a possible postconviction proceeding. The remainder of his claims of ineffective assistance are without merit.    The district court properly denied his motion in arrest of judgment.    His claim of prosecutorial misconduct has not been preserved for our review.    We vacate that part of the sentencing order concerning reimbursement of attorney fees and remand for a new order determining the proper amount for his court-appointed attorney fees, which may not exceed $1800.    The other parts of the sentencing order are affirmed.

**CONVICTIONS AFFIRMED; SENTENCES AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

Danilson, C.J., concurs; Vaitheswaran, J., concurs specially.

**VAITHESWARAN, J.** (concurring specially)

I specially concur. The majority states, "the prosecutor's silence on the issue of concurrent or consecutive sentences is the same as not resisting concurrent sentences." I disagree with this statement. I believe that if a prosecutor agrees not to resist concurrent sentences, the prosecutor should tell the judge that before sentence is pronounced, whether or not the plea agreement is written and whether or not the judge already knows its terms. In my view, anything less is a violation of "the spirit of the agreement." *Horness*, 600 N.W.2d at 298.

At sentencing, the prosecutor stated she was recommending incarceration as an habitual offender as well as restitution. She omitted reference to her agreement not to resist the imposition of concurrent, as opposed to consecutive, sentences. This was a crucial part of the plea agreement, and it should have been disclosed by her prior to imposition of sentence.

I nonetheless concur in the result because the district court expressed an awareness of this portion of the plea agreement.