42 F.3d 1399
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Deanna Dawn DRAKE, Petitioner-Appellant,
v.
Jim THOMAS; Attorney General of California; Santa Barbara
Superior Court, Respondents-Appellees.
 No. 94-55380.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 2, 1994.
Decided Dec. 7, 1994.
 
 Before: WIGGINS, KOZINSKI, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 OVERVIEW
 
 2
 Deanna Dawn Drake was convicted by a jury in California state court of second degree murder and several related counts arising out of an automobile accident while Drake was driving intoxicated. The trial court set aside the verdict and granted Drake's new trial motion. Drake unsuccessfully argued in state court and then before a federal habeas court that retrial would violate the Double Jeopardy Clause. Drake appeals the district court's denial of her habeas petition. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253, and we reverse.
 
 FACTS
 
 3
 On July 23, 1989, the automobile Drake was driving slid broadside into oncoming traffic and collided with another car. Drake's passenger, Henry Miranda, was killed. Subsequent investigation showed that at the time of the accident, the emergency brake in Drake's car was engaged, which caused the car to slide into oncoming traffic. Both Drake and Miranda could reach the brake, but the "pistol grip" of the brake was found behind the driver's seat, near where the collision had wedged Miranda's hand.
 
 
 4
 Drake was tried on seven counts arising from the accident. The first four counts required proof that Drake had committed some unlawful act, or some lawful act in an unlawful manner, that caused Miranda's death. The prosecution proceeded on two theories: First, Drake (and not Miranda) had activated the emergency brake, causing the accident; and second, if Miranda had pulled the brake, it was in response to some other unlawful act by Drake.
 
 
 5
 The jury convicted Drake on all seven counts. Before sentencing, Drake moved for a new trial, arguing, inter alia, that the evidence was insufficient on either of the State's theories. Drake also argued that a new trial was required because of prosecutorial misconduct and newly discovered evidence. The trial judge granted the motion and ordered a new trial on all counts. The state appellate court affirmed the new trial order as to the first four counts.
 
 
 6
 Prior to retrial on the first four counts, Drake moved to dismiss them on double jeopardy grounds. Her motion was denied. Drake then filed a petition for federal habeas corpus. A magistrate judge issued a Final Report and Recommendations, rejecting Drake's double jeopardy arguments. The district court adopted the report and recommendations of the magistrate judge, and Drake appeals.
 
 DISCUSSION
 I. STANDARD OF REVIEW
 
 7
 A district court's decision to grant or deny habeas corpus relief is reviewed de novo. Adams v. Peterson, 968 F.2d 835, 843 (9th Cir.1992) (en banc), cert. denied, 113 S.Ct. 1818 (1993). Whether retrial is barred by the Double Jeopardy Clause also is reviewed de novo. Mannes v. Gillespie, 967 F.2d 1310, 1313 (9th Cir.1992), cert. denied, 113 S.Ct. 964 (1993).
 
 II. INSUFFICIENCY OF THE EVIDENCE
 
 8
 Drake makes two alternative arguments about the effect of the Double Jeopardy Clause on her retrial. First, she argues that retrial on the remaining four counts is barred completely because the State's evidence at the first trial was legally insufficient to convict her. Second, she argues that even if retrial is not precluded entirely, the State is collaterally estopped from pursuing on retrial its theory that Drake had pulled the hand brake. We reach only Drake's first argument.
 
 
 9
 The relevant double jeopardy principles are easily stated. If the trial court granted Drake's new trial motion because the evidence was insufficient to support the conviction, then the Double Jeopardy Clause bars Drake's retrial. Hudson v. Louisiana, 450 U.S. 40, 43-45 (1981). However, if the trial judge granted Drake's motion because the jury's verdict was against the weight of the evidence, a new trial is permissible. Tibbs v. Florida, 457 U.S. 31, 42-45 (1982); see also Mannes, 967 F.2d at 1315.
 
 
 10
 This court, then, must determine which alternative was the basis for the trial judge's ruling in this case. The judge's statements unfortunately are not as clear and unequivocal as we might like.
 
 
 11
 The State argues that because Drake sought a new trial under California Penal Code Sec. 1181(6), the trial judge necessarily weighed the evidence. According to the State, if Drake had wanted to challenge the sufficiency of the evidence, she had to do so through a section 1181.1 motion for acquittal. We reject this argument because this court has clearly explained that "whether the Double Jeopardy Clause bars a prosecution is not determined by the characterization of a dismissal under state law, nor by the trial judge's personal understanding in this regard. What matters is whether the ruling in [the defendant's] favor was actually an 'acquittal' even if state law or the trial court may have labeled it otherwise." Mannes, 967 F.2d at 1316 (citations omitted). Thus, neither the judge's own characterization of his action nor Drake's decision to file a new trial motion rather than a motion for acquittal is determinative. Id. ; Smalis v. Pennsylvania, 476 U.S. 140, 144 n. 5 (1986).[1]
 
 
 12
 In this case, the trial court's assessment of the prosecution's first theory is relatively clear. As to that theory, the trial judge stated:
 
 
 13
 [I]f the prosecution wants [as its theory that Drake pulled the hand brake,] they have to be able to prove that beyond a reasonable doubt. And it's just pure speculation....
 
 
 14
 They simply haven't been able to prove, you know, it's a very difficult thing to prove. In fact, I think under the circumstances of this case, it's an impossible thing [to prove], that there's no reasonable possibility that Mr. Meranda [sic] pulled on the hand brake.
 
 
 15
 (Emphasis added). We read this as a determination by the trial judge that the State's evidence on its first theory was legally insufficient.
 
 
 16
 As to the State's second theory, however, the trial court noted that "this is where I think the case really does get very complicated." This is also where the trial judge's reasoning becomes particularly difficult to interpret. The trial judge summarized his conclusion about the second theory as follows:
 
 
 17
 So it still boils down to, have the People proved beyond a reasonable doubt this defendant did something else other than pull on the hand brake that was the cause of the accident.
 
 
 18
 The People simply haven't proved that beyond a reasonable doubt, and I don't know how the jury got to that conclusion. I wish I did. I really dislike disagreeing with the jury, and I especially dislike causing a trial like this to be retried, but I don't understand and I can't see in the evidence how there cannot--how it's proved beyond a reasonable doubt that this defendant did something other than pull on the hand brake....
 
 
 19
 This language is hardly a clear statement either that the evidence was legally insufficient or that the jury's verdict was against the weight of the evidence. However, the trial judge's subsequent analysis of the case is helpful in resolving the ambiguity:
 
 
 20
 I think the element of malice was abundantly proved.... [I]f the other elements are present, [Drake] ought to be convicted of murder. But that's a big "if". And they've got to be proved.
 
 
 21
 ....
 
 
 22
 But beyond all [the evidence of Drake's post-accident behavior], we still have to be able to prove, the People have to prove [the other elements], and I just simply can't find it in the evidence in this case.
 
 
 23
 So I would grant a new trial, number one, on the ground that there's insufficient evidence on those elements ... of proof for conviction; and, second, I would grant the new trial on the ground of newly discovered evidence.
 
 
 24
 (Emphasis added).
 
 
 25
 This court has explained that "the phrase 'insufficient evidence' is a term of art. In the absence of a clear indication to the contrary, we must assume the trial judge intended the phrase to carry its accepted meaning that the evidence presented at the trial was not legally sufficient to support a conviction for the crime charged, rather than that the judge 'entertained personal doubts about the 'verdict.' " Mannes, 967 F.2d at 1315 (quoting Hudson, 450 U.S. at 44). Despite the ambiguity of certain statements, we cannot conclude that as a whole, the trial judge's statements in this case constitute "a clear indication" that he merely "entertained personal doubts about the verdict." Such a conclusion would be especially unwarranted in light of the judge's express concern, even with regard to the State's second theory, that "[t]he People simply haven't proved [their case] beyond a reasonable doubt."
 
 CONCLUSION
 
 26
 Although the question is an extraordinarily close one, on this record, we conclude that Drake's conviction was set aside because of insufficient evidence. Therefore, her retrial will violate the Double Jeopardy Clause. The district court's order denying Drake's habeas corpus petition is reversed and the case is remanded to the district court for entry of an order consistent with this opinion.
 
 
 27
 REVERSED AND REMANDED.
 
 KOZINSKI, Circuit Judge, dissenting:
 
 28
 Cal.Penal Code Sec. 1181(6) does not authorize a state trial judge to decide whether evidence is legally sufficient to support a conviction. People v. Serrato, 9 Cal.3d 753, 761 (1973). The majority erroneously relies on Mannes v. Gillespie, 967 F.2d 1310 (9th Cir.1992), for the proposition that " 'whether the Double Jeopardy Clause bars a prosecution is not determined by the characterization of a dismissal under state law.' " Memorandum at 4. My colleagues read Mannes far too broadly. That case involved a motion under Cal.Penal Code Sec. 1385 which, unlike the statute at issue here, does authorize a sufficiency determination. See People v. Superior Court (Howard), 69 Cal.2d 491, 504-05 (1968). Mannes thus stands for the more modest proposition that when a trial judge vacates a conviction based on the sufficiency of the evidence--pursuant to state law authorizing such action--it's irrelevant for Double Jeopardy purposes whether the state labels this an "acquittal." 967 F.2d at 1315 n. 5; accord Smalis v. Pennsylvania, 476 U.S. 140, 144 n. 5 (1986). The situation here is much different: The trial judge was not authorized to rule on the sufficiency of the evidence; he could only reweigh the evidence as a "13th juror." Nothing in Mannes allows us to ignore this limitation on a trial judge's authority under section 1181(6). Once again, we improperly second-guess the state courts' interpretation of their own law. See Estelle v. McGuire, 112 S.Ct. 475 (1991). I dissent.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This is not to say that the form of the judge's order is totally irrelevant. In some cases, it might provide useful circumstantial evidence of the judge's intent. In this case, however, it is simply not clear how much, if any, significance should be accorded to the fact that the judge granted a motion styled by Drake as a "new trial motion," but which expressly asserted both trial errors and insufficient evidence. Moreover, the trial judge's prior rejection of Drake's motion for acquittal, made at the close of the State's case, does not preclude a subsequent conclusion that the evidence was insufficient to support the conviction. See Mannes, 967 F.2d at 1315-16 n. 5